## Gerber, Appellant, *v.* Pittsburgh.

Argued October 3, 1941. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN and PATTERSON, JJ.

*John Wirtzman,* for appellant.

*Frederic G. Weir,* Assistant City Solicitor and *Wm. Alvah Stewart,* City Solicitor, for appellee, were not heard.

OPINION BY MR. JUSTICE DREW, November 24, 1941:

Plaintiff, Robert R. Gerber, brought this action in trespass against the City of Pittsburgh, to recover damages for injuries sustained by him as a result of falling on a sidewalk on which he alleged snow and ice had been negligently allowed to accumulate in ridges and ruts. The city joined as additional defendant Abraham Kleinman, the owner of the premises abutting the sidewalk at the place where the accident happened. After a verdict against the city, with a right of liability over against the additional defendant, the learned court below directed the entry of judgment n. o. v. for the city, and after the entry thereof plaintiff appealed.

The court en banc in its opinion had this to say of the case: "The plaintiff claims to have suffered the injuries complained of by reason of having slipped upon ice on the sidewalk of the very house in which he himself lived. He seeks to fasten responsibility on the municipality upon the theory that it had constructive notice of ridges of ice upon the sidewalk, and that after a reasonable time after such notice the dangerous condition was

not remedied. He contends that the City of Pittsburgh, containing thousands of miles of sidewalks, should have had knowledge of the existence of a particular rut of ice on a side street in a residential section which was not even known to the plaintiff, a person living in the very home on which the sidewalk abutted". After reviewing all the testimony, the learned court concluded: "We have here . . . merely a description of a rough condition of the sidewalk caused by the melting and freezing of snow and ice and the walking of people thereon over a period of time without the sidewalk having been cleaned . . . Either the ridge which according to the plaintiff's contention caused the slipping and falling was of such a size and was upon the sidewalk for such a length of time that he, living in the house, should have seen it; or the ridge was so small and in existence for such a short time as not to have attracted his attention, in which event it could not be said that the city 'had constructive notice of its supposed dangerous condition, as would be necessary to charge it with negligence': *Landis v. Philadelphia*, 295 Pa. 227, 228."

The accident happened early in the morning of December 2, 1938. Plaintiff testified he was on his way to work, and that he fell and broke his leg when his "foot went into a rut" in the ice which caused him to slip and fall on the sidewalk abutting the house in which he lived. Plaintiff did not offer any testimony to show the existence of a ridge or rut at the particular place where he fell at any time prior to the accident. In the absence of proof that a ridge or rut existed prior to the accident, that it was of such a substantial character as to be an interference to travel, and that defendant city actually knew of its existence, or that such ridge or rut had been there for so long a time as to charge the city with constructive notice of its existence, plaintiff cannot recover. We said in *Bailey v. Oil City*, 305 Pa. 325, 327: "A municipality is, in general, not liable for accidents resulting from the icy condition of its streets

and walks. . . . It is, however, a city's duty to cause the removal from the walks of such substantial ridges or hills of ice or snow as constitute an obstruction to travel . . . [but] it must appear either that the city had actual notice of the obstruction or that it had existed so long as to amount to constructive notice." Clearly the city could not be held to be negligent until it had notice, whether actual or constructive, of the dangerous condition, and had failed to remedy it within a reasonable time thereafter: *Beebe et al. v. Philadelphia,* 312 Pa. 214. It appearing that no notice of any kind had been given, plaintiff failed to make out a case, and we are bound, therefore, to affirm the judgment of the court below.

Judgment affirmed.