Opinion by
 

 Rhodes, J.,
 

 Plaintiffs, husband and wife, brought this action in trespass on January 21, 1935, against the City of Philadelphia to recover damages for injuries sustained by wife plaintiff. Plaintiffs’ statement of claim alleged that wife plaintiff suffered injuries on February 12, 1934, by falling on the sidewalk in front of premises known as No. 649 North Eleventh Street, in the City of Philadelphia, and that the accident happened by reason of large accumulations of snow and ice in ridges and hills. No affidavit of defense was filed by the city. On June 17, 1936, more than two years after the accident, it, by writ of scire facias under the acts in force at that time (Rules of Civil Procedure, Nos. 2251-2275, were not effective until September 4, 1939), brought in Mary B. Kline, owner of the premises in question, as additional defendant. She filed an affidavit of defense, pleading, inter alia, the statute of limitations. Prior to trial she died, and Harry M. Eberhard, as her executor, was substituted as additional defendant. The additional defendant presented no testimony at the trial. The jury returned verdicts for plaintiffs against both defendants. The court below granted defendants’ motions for judgment n.o.v., and a separate judgment was entered in favor of each defendant. Only one appeal was taken by plaintiffs, and at the argument before this court they elected to treat the appeal as from the original defendant’s judgment alone.
 

 The court below in granting defendants’ motions for judgment n.o.v. held that there was nothing in the record to show that they were guilty of any negligence. We must assume as true all the facts and inferences from facts which the jury might have found in favor of plaintiffs, and reject all those unfavorable to them which the jury might have rejected.
 
 Searles v. Boorse,
 
 264 Pa. 454, 456, 107 A. 838. We are of the opinion
 
 *254
 
 that the evidence was sufficient to sustain the verdict against the city, the original defendant.
 

 According to the evidence, the accident occurred at
 
 2
 
 a.m. on February 12, 1934, while wife plaintiff was walking in a northerly direction on the sidewalk on the east side of Eleventh Street in the city of Philadelphia. She fell in the middle of the sidewalk in front of the premises at No. 649 North Eleventh Street, when her foot came in contact with a large or “big” lump or ridge of ice covered with snow. The sidewalk in front of the premises in question was covered with ice which was lumpy and in ridges, and about six or seven inches thick. While the particular lump or ridge which caused wife plaintiff to fall was not exactly defined, the condition was such as to be generally observable as unsafe and likely to cause injury to travelers. The accumulation of ice in lumps and ridges was clearly sufficient to constitute an obstruction to travel upon the sidewalk. Dark or dirty snow overlaid the ice. The lumps or ridges were not caused by footprints, and the condition was not merely that of a slippery sidewalk incident to winter weather. It is a legitimate inference that the snow concealed the lumps, or ridges on top of several inches of underlying ice, and gave thé appearance of a pavement because of its dark color, and that this accounted for the failure of wife plaintiff to observe the condition and avoid the accident. The pavements in front of the adjacent properties were free of ice and snow. There was evidence that the condition of the pavement with its icy ridges, and snow covering from time to time, had existed from about the first of February, and that no attempt had been made to remove it. Two police officers called by the city corroborated plaintiffs’ testimony as to ice and icy ridges having been on the sidewalk prior to the accident, but they did not find it to be of the dangerous character described by plaintiffs’ witnesses.
 

 
 *255
 
 We think the evidence was sufficient for the jury to conclude that the accumulation of ice in lumps and ridges and the condition of the pavement were of such a substantial character as to be an interference to travel and to constitute a real danger to pedestrians; that such had existed at the place where wife plaintiff fell for upwards of ten days prior to the accident; and that the city was chargeable with constructive notice. It is not necessary to repeat the applicable legal principles. They may be found in
 
 Bailey v. Oil City et al.,
 
 305 Pa. 325, 327, 157 A. 486;
 
 Llewellyn v. Wilkes-Barre,
 
 254 Pa. 196, 98 A. 886;
 
 Gerber v. City of Pittsburgh,
 
 343 Pa. 379, 22 A. 2d 721;
 
 Canfield v. Philadelphia et al.,
 
 134 Pa. Superior Ct. 590, 4 A. 2d 605, and many other similar cases.
 

 In
 
 Taylor et ux. v. Philadelphia et al.,
 
 138 Pa. Superior Ct. 194, 10 A. 2d 75, and
 
 Neistadt v. Philadelphia et al.,
 
 138 Pa. Superior Ct. 200, 10 A. 2d 77, cited by the city, judgments were entered because there was no evidence that the defendant city had constructive notice. In the present case the dangerous situation had been permitted to exist for a considerable period of time, and two police officers who were called by the city apparently had knowledge for some days of the ice and icy ridges in front of the premises at No. 649 North Eleventh Street where the accident occurred.
 

 We find absolutely nothing in the record that would permit us to say as a matter of law that wife plaintiff was contributorily negligent.
 

 Having read and considered the entire record, we think it is pertinent to point out that there could be no recovery by plaintiffs against the additional defendant. The accident happened on February 12, 1934, and the writ of scire facias was not issued until June 17, 1936, more than two years after the accident. Plaintiffs could not have successfully brought an action directly against the additional defendant after this lapse of time (Act
 
 *256
 
 of June 24, 1895, P. L. 236, 12 PS §34); and the Act of June 22, 1931, P. L. 663, amending the Act of April 10, 1929, P. L. 479, 12 PS §141, provided that a plaintiff could have a verdict against an additional defendant only “to the same extent as if such defendant had been duly summoned by the plaintiff.” The writ having been issued more than two years after the accident, the statute of limitations applicable to trespass actions for personal injuries barred any claim plaintiffs may have had against additional defendant. The trial judge should have so instructed the jury. The right of the city to sue the additional defendant in a separate action of assumpsit is not affected, nor is defendant deprived of any other procedural right which it may have in this matter. See
 
 First National Bank of Pittsburgh v. Baird,
 
 300 Pa. 92, 150 A. 165;
 
 Philadelphia v. Beading Co.,
 
 295 Pa. 183, 188, 189, 145 A. 65;
 
 Rudman et ux. v. City of Scranton et al.,
 
 114 Pa. Superior Ct. 148, 152, 173 A. 892. The owner or tenant in possession is primarily required to cause the removal of obstructions whether created by the accumulation of ice, or otherwise, on the sidewalk in front of the property owned or occupied by him.
 
 McLaughlin v. Kelly,
 
 230 Pa. 251, 259, 79 A. 552;
 
 Wright et ux. v. City of Scranton et al.,
 
 128 Pa. Superior Ct. 185, 191,194 A. 10.
 

 Judgment entered for the City of Philadelphia, original defendant, is reversed, and the record is remitted to the court below with direction that judgments be entered on the verdicts in favor of the plaintiffs and against the City of Philadelphia, original defendant; and the appeal is quashed in so far as the judgment in favor of the additional defendant is concerned.