## Zieg et vir *v.* Pittsburgh, Appellant.

Argued September 28, 1943. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and STEARNE, JJ.

*Harry Savage,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellant.

*Clair D. Moss,* for appellees.

Opinion by Mr. Justice Patterson, November 22, 1943:

This is an action in trespass by a husband and wife against the City of Pittsburgh for personal injuries sustained by the wife in a fall on an icy sidewalk. A jury returned verdicts for the appellees. The City has appealed from the lower court's refusal of its motions for judgment n.o.v. and a new trial.

On February 22, 1941, about 2:30 p.m., Catherine Zieg, sixty-six years of age, intending to visit her sister who resided at 1245 Berry Street in the City of Pittsburgh, was walking on the northerly sidewalk of said street. The day was cold and windy, and snow was falling. The sidewalk in question abuts three vacant lots, each with a frontage of thirty feet, sloping northward. A flagstone sidewalk in front of these lots is lower than the adjoining ground and curb, and forms a basin into which flows water from a spring in the lots. The entire sidewalk is covered with water. This condition remains throughout the year with a possible exception in the event of prolonged drought. In freezing weather ice forms over the entire sidewalk varying in depth from eight to twelve inches. This condition has existed for the past fifteen years, during which time no action has been taken by appellant to remove mud, water, ice or snow from the sidewalk.

Upon reaching the vacant lots appellee observed that the walk was covered with three to three and one-half inches of snow although the sidewalk upon which she had been traveling had been recently cleared. She proceeded slowly and carefully, watching the walk closely. When she reached the site of the spring her left foot struck a ridge of ice, causing her to fall. She was unable to get up although several attempts were made to do so. Her movement and the fall cleared the snow from a portion of the ice and she realized for the first time the existence of ice under the recently fallen snow. She sus-

tained a fracture of the neck of the left femur. Several operations were performed and a nail was inserted in the bones. She suffers constant pain in her back, left groin, and left limb. She is practically a bed patient, unable to be on her feet for any length of time. Another operation will be necessary to remove the nail which constantly irritates the bone tissue. Philip Zieg, the husband-appellee, attends to all housework as well as ministers to his wife. The probable expenses incurred amount to $692.83. Appellant offered no evidence, and the case was submitted to the jury on appellees' testimony. Verdicts of $5,000. for the wife and $2,500. for the husband resulted. The court below refused appellant's motions for judgment n.o.v. and a new trial. This appeal followed.

"A municipality is not liable for injuries resulting from the general slipperiness of its streets or its sidewalks occasioned by a recent precipitation and freezing of rain or snow . . . yet the rule does not extend so far as to protect the city from liability for injuries caused to a person by slipping on ice in a street or sidewalk where it has accumulated by reason of a defect in the street or walk or by reason of the neglect to construct and maintain suitable drains to carry off the water . . . It is the duty of a municipality to keep its streets, including its sidewalks, in a reasonably safe condition so that pedestrians using the sidewalks and exercising care may do so with safety": *Holbert v. Philadelphia,* 221 Pa. 266, 271. See *Fritzky v. Pittsburgh,* 340 Pa. 217, 220; *Moscon v. Philadelphia,* 147 Pa. Superior Ct. 251, 255; *Julian v. Philadelphia,* 147 Pa. Superior Ct. 323, 326. To permit a finding of actionable negligence on the part of the city, appellee must sustain the burden of proving not only that the dangerous condition existed but also that the injuries sustained were proximately caused by the accumulation of ice: *Davis v. Potter,* 340 Pa. 485, 487; *Hulings vs. Pittsburgh,* 150 Pa. Superior Ct. 338,

340. The accumulation must be shown to have been of sufficient size to constitute an unreasonable obstruction to travel: *Gerber v. Pittsburgh* 343 Pa. 379, 381; *Beebe v. Philadelphia,* 312 Pa. 214, 216. The municipality must have had actual notice or the dangerous accumulation must have existed a sufficient length of time to charge it with constructive notice: *Gerber v. Pittsburgh,* supra, 382; *Beebe v. Philadelphia,* supra, 216.

There is ample evidence that the accumulation of ice had existed for several weeks prior to the day of the accident; that this condition existed every winter for the past fifteen years; and that appellant had done nothing to remedy the dangerous condition or to remove its cause. Appellant cannot now successfully contend that it had no notice. Appellee stated that she tripped over a ridge of ice, and has shown the accumulation to have been eight to twelve inches in depth. At the place of the accident there were ridges four to five inches above the usual accumulation. She testified that her foot caught in these ridges, causing her to fall. She has sufficiently identified the accumulation of ice as the causative factor of the accident.

The wife-appellee had no knowledge of the existence of this dangerous condition, this being the first time she used this sidewalk. According to her testimony she was proceeding carefully and "picking my step that day." She could not see the ice because of the three to three and one-half inches of recently fallen snow which completely covered the sidewalk. We cannot hold appellee guilty of contributory negligence as a matter of law "either on the ground that she failed to see the ice which caused her to fall, or because she voluntarily undertook to pass over a dangerous place when she might have passed on the opposite side of the street": *Spencer v. Philadelphia,* 276 Pa. 310, 312.

Appellant's motion for a new trial was based on the excessiveness of the verdicts. After carefully considering the serious nature of the injuries sustained by the

wife-appellee, her present incapacity to work, and the probable permanency of the injuries, we are of opinion that the verdict in her favor is not excessive. The record shows that the husband-appellee has expended and probably will expend only the sum of $692.83. Considering all the facts and circumstances, we are of opinion that the verdict of $2500 in his favor is excessive. Accordingly, we reduce his verdict to $1000. With this modification the judgments are affirmed.