Ross et al., Appellants, *v.* Pennsylvania
Railroad Company.

Argued October 7, 1946. Before MAXEY, C. J., DREW,
LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Hymen Schlesinger,* with him *Harry Savage, Sylvia
Schlesinger* and *Margiotti & Casey,* for appellants.

*John R. Bredin,* with him *Robert D. Dalzell* and
*Dalzell, McFall, Pringle & Bredin,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, November 8,
1946:

This is an action for the alleged wrongful death of
Joseph Ross, deceased, resulting from injuries sustained
when he slipped and fell on the roadway adjacent to
the loading platform of a terminal or warehouse owned
and operated by the Pennsylvania Railroad Company,
defendant, in conjunction with its produce yards, in
the City of Pittsburgh. At the conclusion of plaintiffs'
evidence on negligence, the trial judge entered a com-
pulsory nonsuit, which the court *en banc* subsequently
refused to take off, and this appeal was then taken.

A produce dealer, deceased had driven his truck to
defendant's produce terminal, located between 16th and

21st Streets in the City of Pittsburgh, on the morning of December 23, 1942, at about 6:00 A.M., had backed the truck up against the loading platform for the purpose of transferring produce from the platform onto the truck, and was in the act of moving from the truck towards the platform when he slipped and fell in the cartway, sustaining head injuries from which he died almost immediately. The negligence alleged was failure to keep the roadway clear of snow and ice and vegetables, which were frozen underneath the snow and ice, and failure to provide a safe place for deceased to stand and work while loading produce.

Defendant's produce terminal is a long, narrow building, along the entire length of which is a loading platform the same height from the ground as the body of the average truck. The cartway adjacent to the platform contains a railroad track or siding from which the produce is first transferred out of arriving freight cars onto the platform and later transferred from the platform onto dealers' trucks. At the time of his injuries deceased was not on the platform but on the cartway. According to plaintiffs' evidence the cartway was covered with ice or snow, which was mixed with some vegetables but was smooth. One witness testified it was "like soap" and another said "it was frozen—ice over it—it was like glass." The icy condition was not, according to plaintiffs' evidence, a condition confined to the vicinity of deceased's truck or even the cartway adjacent to the loading platform, but was a condition which prevailed generally on the streets of Pittsburgh following a week of sustained cold weather.

On the evidence presented, the entry of a nonsuit was proper. No complaint is made that the cartway was not properly constructed, and the ice thereon was not caused by any act or omission on the part of defendant, but was the natural result of the weather. Our law imposes no absolute duty on owners or occupiers of prop-

erty to keep outside portions of their premises free from ice and snow at all times. "This is so because of the practicable impossibility of keeping the cartways and walks free from ice in this climate. By change of temperature ice will form over an entire city or township in a few hours and if its removal was possible might form again the next few hours. Hence, the nonliability for its presence follows": *Kohler v. Penn Township,* 305 Pa. 330, 331-332, 157 A. 681. And where, as here, it appears that the accident was due merely to a general slippery condition of the streets, there can be no recovery: *Hendrickson v. Chester City,* 221 Pa. 120, 70 A. 552. The question is not one of safety but of negligence. "Where the precipitation is recent or continuous, the duty to remove [ice or snow] as it forms cannot be imposed, and the dangers arising therefrom are viewed as the normal hazards of life, for which no owner or person in possession of property is held responsible": *Goodman v. Corn Ex. B. & T. Co.,* 331 Pa. 587, 590, 200 A. 642. See also *Whitton v. H. A. Gable Company,* 331 Pa. 429, 431, 200 A. 644; *Green v. Hollidaysburg,* 236 Pa. 430, 432, 84 A. 785.

Judgment affirmed.