## Miller, Appellant, *v.* City Ice and Fuel Company et al.

Argued October 3, 1949. Before MAXEY, C. J., DREW, LINN, PATTERSON, STEARNE and JONES, JJ.

*Clair D. Moss,* for appellant.

*J. Thomas Hoffman,* with him *A. W. McCandless* and *Stone & McCandless,* for appellees.

OPINION BY MR. JUSTICE PATTERSON, November 14, 1949:

This was an action in trespass to recover for injuries allegedly sustained as a result of falling on an accumulation of ice and snow on the sidewalk adjacent to the building of Federal Cold Storage Company, located at the northeast corner of Penn Avenue and Fifteenth Street, in the City of Pittsburgh. At the close of plaintiff's evidence the trial judge entered a compulsory nonsuit, which the court *en banc* refused to take off, and this appeal followed.

While there was proof of an accumulation of ice and snow on the sidewalk, the evidence failed to establish that it was the cause of the fall. On the contrary, the testimony of appellant himself reveals that he fell as a result of the general icy condition of the crosswalk as he was proceeding from the northwest to the northeast corner of the intersection. He was asked to identify on a photograph the place where he slipped and indicated a point on the crosswalk several feet west of the curb line. According to his own testimony he slid continuously from that point "up over the curb stone" until he fell at a point on the sidewalk eight to ten feet east of the curb line. When asked whether he continued to slip from the time he started to slide, he replied, "My feet slipped a little bit, then I tried to catch myself and then I fell down, continuously fell, one solid flop." Despite persistent questioning by his counsel, appellant failed to testify that the condition of the sidewalk was the cause of his loss of equilibrium, and he was the only witness to testify as to the manner of occurrence of his fall.

On this state of the proofs the compulsory nonsuit was properly entered. Mere proof of an accumulation

of ice and snow on the sidewalk is not sufficient to establish liability. To permit a finding of actionable negligence on the part of the owner or occupant of the abutting property the plaintiff must not only sustain the burden of proving an accumulation of sufficient size to constitute an unreasonable obstruction to travel, with actual or constructive notice to the owner or occupant, but must go further and show that the dangerous accumulation was the cause of the fall: *Davis v. Potter,* 340 Pa. 485, 487, 17 A. 2d 338; *Zieg v. Pittsburgh,* 348 Pa. 155, 157, 34 A. 2d 511; *Hulings v. Pittsburgh,* 150 Pa. Superior Ct. 338, 340, 28 A. 2d 359. This burden the appellant failed to meet and therefore he would not be entitled to recover.

Judgment affirmed.