## Lascoskie, Appellant, v. Berks County Trust Company.

Argued January 7, 1965. Before Bell, C. J., Musmanno, Jones, Cohen, Eagen, O'Brien and Roberts, JJ.

54

reargument refused April 14, 1965.

D. *Frederick Muth*, with him *Rhoda, Stoudt & Bradley*, for appellant.

*Richard A. Bausher*, with him *Stevens & Lee*, for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, March 16, 1965:

Plaintiff appeals from a judgment of nonsuit.

Plaintiff instituted a trespass action against Berks County Trust Company and Claude A. Brumbach, appellees, to recover damages for personal injuries sustained when the plaintiff slipped and fell on a sidewalk on the property owned by the appellees and leased to third parties.

In *Repyneck v. Tarantino*, 415 Pa. 92, 202 A. 2d 105, the Court stated (pages 93-94): "In Markle v. Robert Hall Clothes, 411 Pa. 282, 191 A. 2d 374, the Court, quoting from Flagiello v. Crilly, 409 Pa. 389, 187 A. 2d 289, said (page 284): ' "It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of facts arising therefrom, and any conflict in the evidence must be resolved in his favor: Castelli v. Pittsburgh Railways Company, 402 Pa. 135, 165 A.

2d 632; Stimac v. Barkey, 405 Pa. 253, 174 A. 2d 868; Borzik v. Miller, 399 Pa. 293, 159 A. 2d 741.

" ' "The law is likewise clear that the plaintiff has the burden of proving by a fair preponderance of the evidence that defendant was negligent and that his negligence was the proximate cause of the accident: Stimac v. Barkey, 405 Pa., supra; Schofield v. King, 388 Pa. 132, 130 A. 2d 93." ' "

On Sunday, December 17, 1961, the sidewalks and roads in the City of Reading and surrounding area were described as very slippery and icy. There was freezing rain and drizzle all day despite temperatures both above and below freezing. This freezing rain or drizzle continued until 2:00 a.m. Monday morning, when it changed to rain continuing until Monday afternoon. Except for 9:00 p.m. Sunday night, at which time the temperature was 32°, the temperature remained at 33° or 34° from Sunday afternoon until late Monday morning.

On Monday, December 18, 1961, the plaintiff left her home (324 Spring Garden Street) in the City of Reading, at approximately 6:10 a.m., intending to walk to church. Before she left home, she had carried the garbage out to the rear of her yard and it was not slippery on the walk in her back yard. In going to church, the plaintiff walked north on Spring Garden Street to Bingaman Street, turned to her right, crossed Spring Garden Street and walked east on Bingaman Street. A light rain or drizzle was falling and it was dark, although the area was illuminated by street lights. When she reached defendants' premises she took several steps on their brick sidewalk and slipped on the ice, and fell. A man following some distance behind plaintiff testified that when he arrived at the pavement and attempted to aid the plaintiff he found it to be quite slippery. No other sidewalk was slippery along the route that plaintiff travelled to the

defendants' brick sidewalk, a distance of 460 feet from her home. The surface of the brick sidewalk was described by a commercial photographer as "wavy", consisting of slight dips or hills bearing an elevation from 3/4″ to 2″.

Plaintiff contends that the trial Judge erred in excluding a certain photograph. Counsel had agreed to the introduction of two other photographs of the defendants' sidewalk.

The reasons given by the trial Judge for excluding the photograph in question were: (1) The photograph reflects what appears at ground level, but does not indicate what would appear at the eye level of the plaintiff; (2) the photograph might be misleading to the jury, in view of the fact that there is no testimony exactly setting forth at what point on the brick sidewalk the plaintiff fell.

In *Puskarich v. Trustees of Zembo Temple,* 412 Pa. 313, 194 A. 2d 208, the Court said (page 317): " 'The admission of photographs is a matter largely within the discretion of the trial Judge. . . .: Taylor v. Modena Borough, 370 Pa. 100, 87 A. 2d 195; Beardslee v. Columbia Township, 188 Pa. 496, 41 A. 617.' "

We find no clear abuse of discretion.

More importantly, appellant contends that the question of defendants' negligence was a jury question. She contends that defendants were negligent because they failed to remove ice forming as the result of the freezing of water which had accumulated in spaces, holes and declivities in and between the bricks making up the sidewalk.

In *Rinaldi v. Levine,* 406 Pa. 74, 176 A. 2d 623, where the Court granted judgment n.o.v. in favor of the defendant, the Court pertinently said (pages 78-79): " '. . . There is no liability created by a general slippery condition on sidewalks. It must appear that there were dangerous conditions due to ridges or eleva-

tions which were allowed to remain for an unreasonable length of time, or were created by defendant's antecedent negligence.' See also: Ross v. Penna. R. R. Co., 355 Pa. 119, 121, 49 A. 2d 370; Bowser v. Kuhn, 160 Pa. Superior Ct. 31, 33, 49 A. 2d 852. [See also: *Zieg v. Pittsburgh,* 348 Pa. 155, 158, 34 A. 2d 511.]

"Where a property owner is charged with negligence in permitting the accumulation of snow or ice on his sidewalk, the proof necessary to sustain such a charge has been clearly defined by our decisional law. It is encumbent upon a plaintiff in such situation to prove: (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such [defective] condition; and (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall. Absent proof of all such facts, plaintiff has no basis for recovery. See: Miller v. City Ice and Fuel Co., 363 Pa. 182, 184, 69 A. 2d 140; Milburn v. Knights of Columbus Home Association, 167 Pa. Superior Ct. 509, 511, 76 A. 2d 466." See also: *Puskarich v. Trustees of Zembo Temple,* supra.

The record reveals in the instant case: (1) That the entire brick pavement presented an icy condition which obviously was caused by the over-all general icy and slippery condition which existed throughout the City immediately prior to the accident; (2) *there was no evidence that a specific defect caused the icy condition on defendants' sidewalk* or was the proximate cause of plaintiff's fall and injury; (3) there was no evidence that defendants had actual or constructive notice of a negligent condition in their brick sidewalk which could reasonably be known to make it dangerous in the event of snow; and (4) there was no evidence

that the icy condition existed for such a length of time that a prudent man should have removed or corrected it.

Judgment of nonsuit affirmed.

Mr. Justice JONES and Mr. Justice EAGEN concur in the result.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

The majority opinion says: *"No other sidewalk was slippery along the route that plaintiff travelled* to the defendants' brick sidewalk, a distance of 460 feet from her home." This negatives the assertion in the latter part of the majority opinion that *"the entire brick pavement presented an icy condition* which obviously was caused by the over-all general icy and slippery condition which existed *throughout the City* immediately prior to the accident." (Emphasis supplied).

I would grant a new trial.

Mr. Justice COHEN and Mr. Justice ROBERTS join in this dissent.