J-A03009-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SU HUNG AND CLEMENT HUNG INDIVIDUALLY AND AS H/W | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : | |
| v. | : : | |
| PARKWAY CORPORATION | : : | |
| Appellee | : | No. 3728 EDA 2016 |

Appeal from the Order November 15, 2016
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 3472 September Term, 2015

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                    **FILED FEBRUARY 21, 2018**

Appellants, Su Hung and Clement Hung individually and as h/w, appeal from the order of the Philadelphia Court of Common Pleas that granted summary judgment in favor of Appellee Parkway Corporation in this negligence slip-and-fall action. We affirm.

In its opinion, the trial court fully and correctly set forth the relevant facts and procedural history of this case. Therefore, we have no reason to restate them.

Appellant raises the following issues on appeal:

> WHETHER THE [TRIAL] COURT ERRED WHEN IT DETERMINED [APPELLANTS'] CLAIM WAS BARRED UNDER THE "HILLS AND RIDGES" DOCTRINE.
>
> WHETHER THE [TRIAL] COURT ERRED WHEN IT DETERMINED THAT THERE WAS NO ISSUE OF MATERIAL FACT AS TO WHETHER "GENERALLY SLIPPERY

_____
* Retired Senior Judge assigned to the Superior Court.

CONDITIONS" EXISTED.

WHETHER THE [TRIAL] COURT ERRED IN ITS DECISION THAT [MS. HUNG] FAILED TO SUFFICIENTLY PLEAD EXCESSIVE-SLOPE THEORIES IN HER COMPLAINT.

WHETHER THE [TRIAL] COURT ERRED IN ITS FAILURE TO PROPERLY ADDRESS APPELLANTS' EXCESSIVE SLOPE CLAIMS.

(Appellant's Brief at 4).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 768 A.2d 1089 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and **the moving party** is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006)

(emphasis added, internal citations and quotation marks omitted).

The Pennsylvania Rules of Civil Procedure provide:

**Rule 1035.2. Motion**

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1) whenever there is no genuine issue of any

- 3 -

material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2) if, after completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

*Note*: Rule 1035.2 sets forth the general principle that a motion for summary judgment is based on an evidentiary record which **entitles the moving party to judgment as a matter of law.**

\* \* \*

Pa.R.C.P. 1035.2 (emphasis added).

The "hills and ridges" doctrine protects an owner or occupier from liability for generally slippery conditions resulting from ice and snow if the owner has not permitted the ice and snow to accumulate unreasonably into ridges or elevations. ***Harmotta v. Bender***, 601 A.2d 837 (Pa.Super. 1992). To overcome the application of the "hills and ridges" doctrine in this context, a plaintiff is required to prove:

(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such a size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

***Id.*** at 378-79 (quoting ***Rinaldi v. Levine***, 406 Pa. 74, 78, 176 A.2d 623,

625 (1962)).

After a thorough review of the record, the briefs of the parties, the applicable law, and the reasoned opinion of the Honorable Karen Shreeves-Johns, we conclude Appellants' issues merit no relief. The trial court opinion comprehensively discusses and properly disposes of the questions presented. (*See* Trial Court Opinion, filed November 16, 2016, at 9-17) (finding: (**1-4**) undisputed facts viewed in light most favorable to Appellants show that it was just below or around freezing in hours before and during Ms. Hung's fall, with prior and ongoing light precipitation as rain; sidewalk at issue had ice formed due to recent precipitation, with no ice or snow persisting in area of Ms. Hung's route or on street surface at intersection of 8th and Arch Streets, but there was ice on exposed surfaces in some parts of Philadelphia; Appellants cannot recover because these circumstances constitute "generally icy conditions" for purposes of "hills and ridges" doctrine; it would not have been reasonable to expect Appellee to alleviate icy condition given undisputed facts about temperature and continued precipitation conditions prevailing in community when Ms. Hung fell or shortly before she fell; conditions at issue were generally slippery conditions, so "hills and ridges" doctrine applies; all parties agree Ms. Hung slipped on smooth, mirror-like ice, not on accumulated hill or ridge of snow and ice, so Appellants cannot establish breach of duty; Appellants also argue ramp at issue was excessively sloped and had reduced slip resistance; nevertheless,

Appellants failed to plead "excessive slope" theory in their complaint; moreover, there is no evidence of record that "excessive slope" caused ice to exist or persist, or that ice existed or persisted on ramp for any duration beyond timeframe of active precipitation in community; court properly granted summary judgment in favor of Appellee).  The record supports the court's decision, and we see no reason to disturb it.  Accordingly, we affirm.

Order affirmed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 2/21/2018*

# IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
### CIVIL TRIAL DIVISION

| | |
|---|---|
| SU HUNG and CLEMENT HUNG, Individually and as h/w, **Plaintiffs,** | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNTY |
| v. | : SEPTEMBER TERM 2015<br>: NO. 3472 |
| PARKWAY CORPORATION, **Defendant.** | : 3728 EDA 2016 |

### OPINION PURSUANT TO Pa.R.A.P. 1925(a)

Plaintiffs Su Hung and Clement Hung, individually and as h/w (hereinafter "Plaintiff-Appellant"), appeal the trial court's Order of November 16, 2016, which granted a summary judgment motion in favor of Defendant Parkway Corporation (hereinafter "Defendant-Appellee"), disposing of the case. The Notice of Appeal was filed on November 23, 2016. Plaintiff-Appellant simultaneously filed a Motion for Reconsideration of the trial court's grant of summary judgment. This, the trial court denied by Order on December 22, 2016.

1



Hung Etal Vs Parkway Corporation-OPFLD

15090347200069

## SUMMARY JUDGMENT STANDARD

Summary judgment is properly granted where "there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report." Pa. R.C.P. No. 1035.2(1). After the close of discovery relevant to the motion, summary judgment is also appropriate if "an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa. R.C.P. No. 1035.2(2).

> In passing upon a motion for summary judgment, the trial court's function is not to decide issues of fact, but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, a summary judgment should be granted only when the case is clear and free from doubt.

McFadden v. American Oil Company, 215 Pa. Super. 44, 48-49, 257 A.2d 283 (1969) (citations omitted).

## DISCUSSION

This case arises out of Plaintiff-Appellant's (Su Hung's) alleged slip and fall on ice on Defendant-Appellee's sidewalk. As such, the law governing slip and falls on ice is the hills-and-ridges doctrine, to be described below. Under Pennsylvania law, summary judgment may be a proper stage for the court to apply the hills-and-ridges doctrine where there is no dispute of material facts. See, e.g., Biernacki v. Presque Isle Condominiums Unit Owners Association, Inc., 828 A.2d 1114 (Pa. Super. 2003) (affirming the trial court's application of the hills and ridges doctrine in granting summary judgment to a defendants where the defendants had not removed snow by 7:45 a.m. the day after snowfall).

2

The Superior Court has described the hills-and-ridges doctrine as follows:

The "hills and ridges" doctrine is a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations. Harmotta v. Bender, 411 Pa. Super. 371, 601 A.2d 837 (1992). "The doctrine as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, i.e., ice and snow." Wentz v. Pennswood Apartments, 359 Pa. Super. 1, 5, 518 A.2d 314, 316 (1986). The rationale for this doctrine has been explained as follows:

> ... to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere.

Id. The "hills and ridges" doctrine applies with equal force to both public and private spaces. See Wentz, supra (appellate courts of this Commonwealth apply the doctrine of hills and ridges not only to persons injured from falling on ice covered public walks or parking areas but to situations in which business invitees have fallen on ice covered private parking areas and walks as well). In order to recover for a fall on an ice or snow covered surface, therefore, a plaintiff is required to prove:

> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

Rinaldi v. Levine, 406 Pa. 74, 78, 176 A.2d 623, 625 (1962). Accord Harmotta, 411 Pa.Super. at 378-79, 601 A.2d at 841; Wentz, 359 Pa. Super. at 5, 518 A.2d at 316.

Morin v. Traveler's Rest Motel, Inc., 704 A.2d 1085, 1087-1088 (Pa. Super. 1997).

In certain fact patterns of slip and falls on accumulations of ice or snow on walks, the hills-and-ridges doctrine is deemed not to apply under Pennsylvania law. Notably, the hills-and-ridges doctrine only applies in cases of generally slippery conditions.

3

See, e.g., Tonik v. Apex Garages, Inc., 442 Pa. 373 (1971) (holding that the evidence submitted at trial was sufficient for a jury to conclude that there was liability when there was evidence for the jury to conclude that the subject ice formed in a crack in the sidewalk and the subject ice was not from recent precipitation); Mahoney Area School District v. Budwash, 146 Pa.Comwlth 72, 75-76 (1992) (holding that there was a dispute of fact sufficient for a jury when plaintiff alleges that she slipped on a patch of ice and there was evidence that there was no precipitation for two days prior to the incident).

Defendant-Appellee argues in its Motion for Summary Judgment, inter alia, that judgment in its favor is warranted as a matter of law on the basis of the application of the hills-and-ridges doctrine to the material facts of this case. See MSJ, ¶¶2-4. Plaintiff-Appellant argues to the contrary; to wit, that there is evidence such that the hills-and-ridges doctrine does not apply because the conditions were not generally slippery—rather, Plaintiff-Appellant fell on a localized patch of ice. See Response, ¶¶4, 15-21, et al.


## FACTS

What follows is a detailed account of the facts submitted. Plaintiff-Appellant left her house in Northeast Philadelphia at around 7:00 a.m. to go to work. See Plaintiff's New Matter in Support of Their Opposition to Defendant's Motion for Summary Judgment (hereinafter "Plaintiff's New Matter"), ¶2. Plaintiff-Appellant was at the corner of 8th Street and Arch Street in Philadelphia during this commute at around 8:00 am. Id., ¶9. She walked across Arch Street, from the southeast corner of the intersection of 8th Street and Arch Street to

4

the northeast corner of 8th Street and Arch Street. MSJ, ¶19.[1] As she proceeded to walk up the curb ramp from Arch Street onto the sidewalk, she stepped on the sidewalk, with one or two steps, slipped and fell on ice present on the sidewalk. MSJ, ¶20.[2] Defendant-Appellee Parkway is the owner of the property abutting the subject sidewalk. MSJ, ¶6.[3] Plaintiff-Appellant was taken to the emergency room from the scene of the accident; she severely injured her ankle, requiring two surgeries. Plaintiff's Memo of Law, p. vi.

## Temperature.

As to the temperature the morning of the incident, January 10, 2014, Plaintiff-Appellant's expert John R. Scala, PhD, reports that by measurement at the Philadelphia International Airport, some 6.8 miles from the accident location, it was 32°F at 4:52 a.m. which gradually decreased to 30°F by 8:07 a.m. MSJ, Exh. C, pp. 2-4. Dr. Scala reports a high temperature on that date of 37°F and a low temperature of 27°F at Philadelphia International Airport. Id. At the Franklin Institute, approximately one mile from the incident, Dr. Scala reports slightly colder temperatures, with a high temperature on that date of 34°F and a low temperature of 26°F. Id. Defendant-Appellee's expert James Bria, Meteorologist, opines that at the temperature at the corner of 8th and Arch Street was 31°F at the time of the slip and fall. MSJ, Exh. D, p. 6. There is not a dispute of facts here.[4]

---

[1] MSJ is the only source of evidence. This is uncontested by Plaintiff.

[2] Defendant-Appellee disputes the location of the slip and fall (see MSJ, ft. nt. 1), and asserts that Plaintiff-Appellant slipped and fell on Arch Street. This is disregarded for the purposes of this motion; Plaintiff-Appellant offers evidence more favorable to her that she fell on the sidewalk curb ramp.

[3] MSJ is the only source of evidence. This is uncontested by Plaintiff.

[4] Plaintiff-appellant denied Defendant-Appellee's statement of evidence on this issue, but fails to meet the requirements under Pa.R.C.P. 1035 to identify an "issue of fact" or

<u>Precipitation.</u>

As to the nature and extent of precipitation on the morning of Plaintiff-Appellant's injury, the facts submitted are as follows.

Plaintiff-Appellant's expert, Dr. Scala, concludes that at Philadelphia International Airport on the very early morning of the incident there was no pre-existing snow or ice and, to paraphrase, intermittent light snow starting at 4:52 a.m., transitioning to intermittent light freezing rain from 6:27 a.m. to 8:07 a.m. MSJ, Exh. C, p. 4. Dr. Scala opines that these weather conditions occurred also in Center City Philadelphia which would include the area of Plaintiff-Appellant's fall. <u>Id.</u>, p. 6.

Defendant-Appellee's expert, Meteorologist James Bria, states that light freezing rain started at 7:00 a.m. on the date of the incident at the location of the fall; the freezing rain increased in intensity at around 8:00 a.m., and continued through 11:00 a.m. MSJ, Exh. D, p. 5.

The testimony of numerous eye-witnesses to the precipitation that morning in the area testified either to light rain, light freezing rain, or sleet. For example, Plaintiff-Appellant testified that she was carrying an umbrella and that it was raining during her commute. <u>See</u> Plaintiff-Appellant's Response, Exh. C, pp. 25-26, passim. Plaintiff-Appellant's co-worker Helen Wen testified that she does not remember there being a

---

"evidence in the record." <u>Compare</u> SJM, ¶¶9-10 (Defendant-Appellee's evidence from both sides' expert witnesses) <u>with</u> Response, ¶¶9-10 ("Denied. Plaintiff's weather expert ultimately concluded that notice of a potential icing hazard was provided more than 16 hours before Plaintiff's accident."). Notice is not an issue in this motion; moreover SJM ¶¶9-10 do not relate to notice. There is no material dispute as to the temperature at the location on the date of the accident.

6

freezing rain storm that day and that it was raining lightly at the approximate time and location of the accident. See id., Exh. H, pg. 16:7-15. Plaintiff-Appellant's co-worker Benjamin Cady testified to the precipitation being freezing rain or sleet at a train station on his commute in Philadelphia. See id., Exh. F, pg. 14:4-5. Defendant-Appellee's employee George Chukwu, who was working at the time of the accident, stated in his incident report that it was ". . . raining on that day." Id., Exh. B (also describing the condition as rain with ice).

Thus, there is no dispute that there was precipitation that day prior to and during the slip and fall. As will be explained below, the exact nature of the precipitation does not matter under Pennsylvania law on any version of the facts of this case.

### The Sidewalk Ramp.

Plaintiff-Appellant offers evidence from multiple sources that the sidewalk ramp upon which Plaintiff fell had ice on it. Plaintiff-Appellant's co-worker testified that the incline of the "accessible ramp" was "difficult to navigate" and "very slippery." Id., Exh. F, pg. 20:7-21. Plaintiff-Appellant herself testified as follows:

> Q: Then you said you fell down and then you saw ice. Can you describe that?
> A: Like the spot, ice, or like some was just really – I saw some spots, some –so the big spot, like the mirror.
> Q: Like a big spot, like a mirror, right?
> A: Yes.
> Q: Was it smooth, even shiny; is that what you're saying?
> A: Yes. On the sidewalk.
> Q: Did you see it exactly where you fell or was it like all around you?
> A: All around me.
> Q: Did you—do you know whether—did you see any boundaries to it or if it stopped anywhere? Was it just—when you looked around you, was this mirrored ice—

7

A: Mirror ice.

Q: When you fell, did you put your hand down and was that ice right around where you fell?

A: Yes.

Q: Did you touch the ice?

A: Yes.

Q: Was it smooth?

A: Mm-hmm. Yes.

Q: Were you ever able to see if it was—the size of the ice or was it just generally all around you?

A: Generally around me.

Defendant-Appellee's SJM, Exh. H, 29:2-30:6.

Plaintiff-Appellant's co-worker Helen Wen testified about the area at which Plaintiff-Appellant fell as follows: "The sidewalk was so much ice and slippery." Id., Exh. J, pg. 17:23-24. Defendant-Appellee's employee George Chukwu testified that he came in to work that morning at 6:30 a.m. and, due to slipperiness of the sidewalk, he applied salt, including to the specific area on which Plaintiff-Appellant slipped and fell. Id., Exh. G, 17-21, passim. Others testified to ice and slipperiness at that curb ramp.

## Area around sidewalk.

Defendant offers evidence that the slippery and slick conditions persisted that morning throughout the Philadelphia area. See, e.g., SJM, ¶¶13-14 (citing to news reports about the icy conditions causing automobile accidents and other problems). Plaintiff testified that she does not remember any slippery conditions on the way from her home to the bus stop on the morning of the incident. See Plaintiff-Appellant's New Matter, ¶3 (citing to Plaintiff's Deposition P. 23, L. 6-12.). Plaintiff testified that she saw no ice while riding the bus. Id. Plaintiff testified that she encountered no ice on the way from the bus stop to the corner at which she fell. Id., ¶4.

8

Plaintiff-Appellant's co-worker Benjamin Cady testified on this issue that: "I would say that just because of the precipitation given that when I walked to the train initially it was—the conditions were varied." Plaintiff-Appellant's Response, Exh. F, 17:10-13.

Tangela Buck, a co-worker to Plaintiff-Appellant, testified that, after she came out from under the overpass to the incident corner, she saw the sidewalk and ramp area shown in a photograph as icy except for Arch Street itself, which was not icy. See Plaintiff's New Matter, ¶9, (citing to Exh. E, pg. 15-16, passim) (the photograph of the subject corner is a google street view image of the corner reproduced in the text of ¶9 of the New Matter; authenticity not challenge at this stage of litigation). Testimony submitted into evidence includes other accounts that Arch Street itself was not icy. See, e.g., id., ¶13.

### Facts viewed in a light most favorable to Plaintiff-Appellant.

Given the above, the undisputed facts viewed in a light most favorable to Plaintiff-Appellant are as follows: (a) that it was just below or around freezing in the hours before and during Plaintiff-Appellant's fall, (b) that there was prior and ongoing light precipitation in the form of rain[5], (c) that the subject sidewalk ramp had ice which had formed from the precipitation, and (d) that there was no ice or snow persisting in the area of Plaintiff-Appellant's route or on the street surface at the intersection of 8th and Arch Street, but there was ice on the exposed surfaces persisting in some parts of Philadelphia.

## ANALYSIS

On such facts, Plaintiff-Appellant cannot recover under Pennsylvania law. Again,

---

[5] Or, if it is more favorable to Plaintiff-Appellant, freezing rain or snow.

9

the issue is whether the facts above constitute generally icy conditions for purposes of the hills-and-ridges doctrine of Pennsylvania law. As it turns out, such conditions do constitute generally icy conditions; the explanation follows.

The Supreme Court of Pennsylvania in Lascoskie v. Berks County Trust Co., 417 Pa. 53, 208 A.2d 463 (1965) affirmed the trial court's entry of nonsuit on a very similar fact pattern to the fact pattern described above as most favorable to non-movant. The Supreme Court described the facts underlying Lascoskie as follows:

> On Sunday, December 17, 1961, the side-walks and roads in the City of Reading and surrounding area were described as very slippery and icy. There was freezing rain and drizzle all day despite temperatures both above and below freezing. This freezing rain or drizzle continued until 2:00 a.m. Monday morning, when it changed to rain continuing until Monday afternoon. Except for 9:00 p.m. Sunday night, at which time the temperature as 32°, the temperature remained at 33 or 34 from Sunday afternoon until late Monday morning.

> On Monday, December 18, 1961, the plaintiff left her home (324 Spring Garden Street) in the City of Reading, at approximately 6:10 a.m., intending to walk to church. Before she left home, she had carried the garbage out to the rear of her yard and it was not slippery on the walk in her back yard. In going to church, the plaintiff walked north on Spring Garden Street to Bingaman Street, turned to her right, crossed Spring Garden Street and walked east on Bingaman Street. A light rain or drizzle was falling and it was dark. [sic] although the area was illuminated by street lights. When she reached defendants' premises she took several steps on their brick sidewalk and slipped on the ice, and fell. A man following some distance behind plaintiff testified that when he arrived at the pavement and attempted to aid the plaintiff he found it to be quite slippery. No other sidewalk was slippery along the route that plaintiff travelled to the defendants' brick sidewalk, a distance of 460 feet from her home. The surface of the brick sidewalk was described by a commercial photographer as 'wavy', consisting of slight dips or hills bearing an elevation from ¾"to 2".

Lascoskie, 208 A.2d at 463-464.

Note the similarities between the facts of Lascoskie and the instant case. In

10

Lascoskie, the temperature was at or near freezing before and during the incident. Such is undisputed in the instant case as well. In Lascoskie, there was prior precipitation in the area in the form of freezing rain which turned to rain as night turned to morning. Such is undisputed in the instant case as well. In Lascoskie, plaintiff was walking a route which did not take her by any slippery icy conditions prior to defendant's sidewalk. Such is a matter of Plaintiff-Appellant's best evidence in the instant case. In Lascoskie, plaintiff slipped and fell on naturally occurring ice as a result of precipitation. Such is undisputed in the instant case as well.

The dissent in Lascoskie pointed to the fact that the plaintiff had only encountered ice at defendant's property, and that this negated that there was icy and slippery conditions "throughout the city." Lascoskie, 408 A.2d at 465 (J. Musmanno, dissenting).

Despite the dissent's argument, the majority held that "the entire brick pavement presented an icy condition which obviously was caused by the over-all general icy and slippery condition which existed throughout the City immediately prior to the accident." Lascoskie, 408 A.2d at 465. The majority held that the naturally occurring spotty icy conditions as a result of the weather patterns, from both temperature and precipitation, in the community to constitute generally slippery conditions for purposes of application of the hills-and-ridges doctrine.

Lascoskie is not an aberrant case; rather it is consistent with the body of case law on the hills-and-ridges doctrine. See 3 West's Pa. Prac., Torts: Law and Advocacy §5.14. Falls on ice and snow—the hills and ridges doctrine (compiling cases) ("A review of the cases in which the courts have refused to invoke the doctrine suggests that its principal

11

function is to protect possessors of land from overly broad liability for naturally occurring conditions.").

Plaintiff-Appellant only cites to one case, Williams v. Schultz, 240 A.2d 812 (Pa. 1967), on the issue of generally slippery conditions under the hills-and-ridges doctrine in her Response, which is found in her New Matter, ¶32.

In Williams, the Supreme Court held that the hills-and-ridges doctrine does not apply when (a) there had been no precipitation for five days prior to plaintiff's injuries, (b) ice or snow accumulated in a depression in the sidewalk, which ice or snow was covered by leaves, (c) the depression in the sidewalk had been there for at least one year, giving notice to owner, and (d) the entire area was clear of ice or snow except for some snow on surrounding lawns.

The facts of Williams are very dissimilar to the facts of the instant case. The key differences between the facts of Williams and the instant case are the difference in the length of time between the precipitation and the slip and fall and difference in the surface conditions in the prevailing community.

Plaintiff-Appellant cites to Williams for its statement of the underlying policy behind the requirement that the hills-and-ridges doctrine only applies in cases of generally icy conditions. See Plaintiff-Appellant's New Matter, ¶32. That is, "where a specific, localized, isolated patch of ice exists, it is comparatively easy for a property owner to take the necessary steps to alleviate the condition, while at the same time considerably more difficult for the pedestrian to avoid it even exercising the utmost care." Williams, 240 A.2d at 814. In the instant case, it would not have been comparatively easy for Defendant-

12

Appellee to take the necessary steps to alleviate the condition given the undisputed facts about the prevailing temperature and precipitation conditions prevailing in the community at the time and shortly before the accident. Thus, the policy consideration expressed in Williams does not support Plaintiff-Appellant's position; the policy consideration undermines Plaintiff-Appellant's position.

In light of the above, it is clear that the facts viewed in a light most favorable to Plaintiff-Appellant nevertheless support the conclusion that the conditions at the time of the fall were generally slippery conditions as a matter of Pennsylvania law. Lascoskie v. Berks County Trust Co., 417 Pa. 53, 208 A.2d 463 (1965). Because of this, the hills-and-ridges doctrine applies. Rinaldi v. Levine, 406 Pa. 74, 176 A.2d 623, 625 (1962). All parties agree that Plaintiff-Appellant slipped on smooth, mirror-like ice, not a hill or ridge of snow and ice, thus Plaintiff-Appellant cannot establish breach of a duty by Defendant-Appellant.

Plaintiff-Appellant argues as well that the curb ramp on which Plaintiff-Appellant fell was excessively sloped and therefore had reduced slip resistance. See Response, ¶¶33-42. Plaintiff-Appellant offers an expert report from John S. Posusney, an engineer, citing to a provision of the Americans with Disabilities Act, that maximum slope for a curb ramp in new construction shall be 8.33% and that the curb ramp in the instant case was 12.4% at the time of the fall, thus the slip resistance was reduced such that 9.8% more of Plaintiff-Appellant's weight needed to rest along the curb ramp's slope to not slip. See Response, Exh. A. pp. 1-2. Call this the "excessive slope-excessive slipperiness" theory.

Defendant-Appellee argues, among other arguments, that the excessive slope-

13

excessive slipperiness theory is not pleaded in the Complaint and the statute of limitations had run. See MSJ, 33-42. Pennsylvania Courts apply the following statement of the law in such contexts:

> For purposes of determining whether a claimed or apparent discrepancy between pleadings and proof constitutes a variance, the entire pleadings and evidence should be considered. Generally, in order to constitute a variance, the discrepancy must exist between the allegations and proofs of the particular party, with the result that a party is not permitted to introduce evidence that is inconsistent with or fails to correspond to the allegations made by that party.
>
> The modern rules of pleading and practice are relatively liberal. Consequently, the impact of variance may be diminished by the preference for a liberal if not informal evaluation of pleadings emphasizing the determination of cases based upon their merits rather than based on mere technicalities, which policy, for example, may allow a party to cure a variance by offering, during or after trial, to amend the pleadings to conform to the proof.
>
> General pleading allegations which are not objected to because of their generality, may have the effect of extending the available scope of a party's proof, such that the proof would not constitute a variance, beyond that which the party might have been permitted to give under a more specific statement.

Reynolds v. Thomas Jefferson University Hosp., 450 Pa. Super. 327, 676 A.2d 1205, 1209 (1996) (citations omitted).

Plaintiff-Appellant in her Memo of Law for her Response offers three paragraphs from her Complaint, which she offers as proof that the excessive slope-excessive slipperiness theory is not in variance with the Complaint. See Response Memo of Law, pp. x-xi. Those are paragraphs 4, 5, and 15(b), which are reproduced immediately below:

> 4. On January 10, 2014, plaintiff, Su Hung, was lawfully traversing the sidewalk located at 721-37 Arch Street, in Philadelphia, Pennsylvania, when she slipped and fell as a result of a dangerous and defective condition in the form of ice which was allowed to exist and accumulate in the walkway of Defendant's property, which said dangerous and defective condition caused

14

Plaintiff to slip and fall to the ground, resulting in serious and permanent injuries.

5. On or about January 10, 2014, and for a substantial period of time thereto, the aforementioned dangerous and defective condition that did and was allowed to exist upon [sic] Defendants' premises is the sole and direct cause of Plaintiff's serious, painful and permanent injuries, the exact nature of which will be described more fully hereinafter.

15(b).[6] The aforesaid incident was solely and proximately caused by the negligence of the Defendant, its servants, workmen, representatives and/or employees, which negligence consisted of but was not necessarily limited to the following:

. . .

> (b) Failing to properly inspect and remedy the dangerous, unsafe and defective condition upon the property, upon proper notice, actual or constructive, of its dangerous condition;

. . .

MSJ, Exh. A, ¶¶4, 5, and 15(b).

Even under a liberal interpretation of Plaintiff-Appellant's argument, it does appear that, under paragraph 4 the dangerous condition is identified as the ice; under paragraph 5 the dangerous condition of ice is identified as the sole and proximate cause of Plaintiff's fall; and under paragraph 15(b) the negligence with respect to the dangerous condition of ice consisted of but is not limited to Defendant's negligent inspection of the dangerous ice or negligent remedy of the dangerous ice. Thus, Plaintiff-Appellant fails to offer an argument that she can recover on the excessive slope-excessive slipperiness theory. Reynolds v. Thomas Jefferson University Hosp., 450 Pa. Super. 327, 676 A.2d 1205, 1209 (1996) ("Generally, in order to constitute a variance, the discrepancy must exist between

---

[6] Plaintiff-Appellant, in the block text of her Memo of Law dedicated to her Complaint 15(b), cites to 15(b) but does not quote 15(b); instead, Plaintiff-Appellant uses words altogether different and not in the Complaint. What is reproduced in this Opinion is the text of 15(b) of the Complaint.

the allegations and proofs of the particular party, with the result that a party is not permitted to introduce evidence that is inconsistent with or fails to correspond to the allegations made by that party.) (citations omitted).

On the assumption that Plaintiff-Appellant's excessive slope-excessive slipperiness theory does not materially vary with paragraphs 4, 5 and 15(b) of Plaintiff's Complaint, still Plaintiff-Appellant clearly cannot recover. This is because the dangerous condition of the excessive slope of the curb ramp did not cause the ice to exist or persist, as is required in cases in which there are not generally slippery conditions of ice or snow for purposes of the hills-and-ridges doctrine. See, e.g., Tonik v. Apex Garages, Inc., 442 Pa. 373, 275 A.2d 296 (1971) (there was evidence that ice had formed over a crack in the sidewalk and evidence that there was no recent precipitation); Williams v. Shultz, 429 Pa. 429, 240 A.2d 812 (1968) (evidence that ice had formed in a depression in the sidewalk and evidence that there had been no rain for five days and no snow for ten days); Holbert v. City of Philadelphia, 221 Pa. 266, 70 A.746 (1908) ("While, however, the city is not responsible for the general slippery condition of its sidewalks caused by the recent falling or freezing of rain or snow, yet the rule does not extend so far as to protect the city from liability for injuries caused to a person by slipping on ice, in a street or sidewalk, where it has accumulated by reason of a defect in the street or walk, or by reason of the neglect to construct and maintain suitable drains to carry off the water."). There simply is not any evidence before the court in this motion that the defective condition complained of caused the ice to exist or persist, or evidence that the ice existed or persisted for any duration beyond the timeframe of the active precipitation in the community.

16

In any event, even on the liberal interpretation of Plaintiff-Appellant's Complaint, paragraphs 4, 5, and 15(b), Plaintiff-Appellant fail to contain any provision which would allow an excessive slope theory to proceed.

## CONCLUSION

This court's Order granting summary judgment to Defendant-Appellee should be affirmed. To hold otherwise would be to "impose an impossible burden in view of the climatic conditions in this hemisphere." Wentz v. Pennswood Apartments, 359 Pa. Super. 1, 5, 518 A.2d 314, 316 (1986).

BY THE COURT:

K. Shreeves-Johns, J.

17

**TYPE OF ORDER: 1925(a)**

## PROOF OF SERVICE

I hereby certify that I am this day serving the foregoing Court Order upon the person(s), and in the manner indicated below:

Appellant Counsel:    David Brian Rodden, Esq.
125 North 20th Street
Philadelphia, PA 10103

Type of Service:    ( ) Personal Service  (X) First Class Mail  ( ) Other: _____

Appellee Counsel:    Brian L. Calistri, Esq.
2000 Market Street, Suite 1300
Philadelphia, PA 19103

Type of Service:    ( ) Personal Service  (X) First Class Mail  ( ) Other: _____

Date: February 13, 2017

Anton Pupa, Esq.
Law Clerk to the
Honorable Karen Shreeves-Johns