## Williams, Appellant, *v.* Shultz.

Argued November 22, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

430

*Daniel H. Shertzer*, with him *Shertzer & Danforth*, for appellant.

*William C. Storb*, with him *Stein, Storb and Mann*, for appellees.

OPINION BY MR. JUSTICE COHEN, April 16, 1968:

This is an appeal from the lower court's refusal to strike off a compulsory nonsuit in an action of trespass for injuries sustained as a result of a fall suffered by appellant on a patch of ice upon the sidewalk directly in front of appellees' home.

Viewing the evidence in the light most favorable to appellant, as we are bound to do the following facts appear: On the morning of February 7, 1963, appellant while on her way to work approached the sidewalk in front of appellees' home in the City of Lancaster. From all outward appearances, the sidewalk was completely free and clear of any ice or snow, but a portion thereof was covered by leaves. Appellant then proceeded to traverse the pavement and after stepping on the leaves slipped and fell on a patch of ice hidden thereunder.

The records of the Lancaster weather bureau indicate that the last snow fall occurred on January 26, 1963, eleven days prior to the accident and the last rainfall occurred on February 2, 1963, approximately

five days prior to the accident. Furthermore, the evidence supports the conclusion that the entire vicinity at the time of the accident was generally free of ice or snow except for some snow on the surrounding lawns.

At the conclusion of appellant's presentation, the lower court granted a compulsory nonsuit on the basis that appellant failed to establish the existence of hills and ridges of ice upon the sidewalk as alleged in her complaint, and that the existence thereof is a prerequisite to the imposition of tort liability. Appellant's motion to strike off the nonsuit was denied and this appeal followed.

Appellant first contends that the rule requiring proof of hills and ridges only applies in a situation where general icy and slippery conditions exist. In the absence of such conditions, appellant suggests that it is necessary to establish only the following four elements in order to recover for injuries sustained: (1) the existence of a dangerous accumulation of ice or snow; (2) the injuries were proximately caused by the accumulation; (3) the accumulation was of sufficient size to constitute an unreasonable obstruction to travel and (4) appellees had actual or constructive notice of the accumulation.

We must therefore determine initially whether or not the lower court erred in requiring proof of the existence of hills and ridges when the record discloses the absence of general slippery conditions.

In *Zieg v. Pittsburgh*, 348 Pa. 155, 34 A. 2d 511 (1943), Justice PATTERSON writing for a unanimous court enunciated the basic principles with respect to one's liability for accumulated ice or snow. He remarked: "To permit a finding of actionable negligence on the part of the city, appellee must sustain the burden of proving not only that the dangerous condition existed but also that the injuries sustained were

proximately caused by the accumulation of ice: Davis v. Potter, 340 Pa. 485, 487; Hulings v. Pittsburgh, 150 Pa. Superior Ct. 338, 340. The accumulation must be shown to have been of sufficient size to constitute an unreasonable obstruction to travel: Gerber v. Pittsburgh, 343 Pa. 379, 381; Beebe v. Philadelphia, 312 Pa. 214, 216. The municipality must have had actual notice or the dangerous accumulation must have existed a sufficient length of time to charge it with constructive notice: Gerber v. Pittsburgh, supra, 382; Beebe v. Philadelphia, supra, 216."

The doctrine of hills and ridges appears to have emerged as an exception to the general rule of liability as stated in *Zieg,* although at times it is difficult to distinguish the exception from the rule. However, the cases suggest that proof of hills and ridges is necessary only when it appears that the accident occurred at a time when general slippery conditions prevailed in the community as a result of recent precipitation. *Casey v. Singer,* 372 Pa. 284, 93 A. 2d 470 (1953); *Keiser v. Philadelphia Transportation Company,* 356 Pa. 366, 51 A. 2d 715 (1947); *Zieg v. Pittsburgh,* supra; *Hibberd v. Philadelphia,* 245 Pa. 265, 91 Atl. 486 (1914); *Holbert v. Philadelphia,* 221 Pa. 266, 70 Atl. 746 (1908). In fact, almost every case cited by both the court below and appellees requiring the existence of hills and ridges involved general icy conditions due to recent or continuing inclement weather. Cf. *Wilson v. Howard Johnson Restaurant,* 421 Pa. 455, 219 A. 2d 676 (1966); *Lascoskie v. Berks County Trust Company,* 417 Pa. 53, 208 A. 2d 463 (1965), where the dissenting opinion differed on the question of the existence of general slippery conditions; *Rinaldi v. Levine,* 406 Pa. 74, 176 A. 2d 623 (1962); *Nebel v. Pittsburgh,* 386 Pa. 394, 126 A. 2d 449 (1956). As Justice JONES pointed out in *Rinaldi v. Levine,* supra, relied

upon by the court below, ". . . the law, wisely, does not require that such abutting owner keep the sidewalk free from snow and ice at all times: to hold otherwise would require the impossible in view of climatic conditions . . . these formations are natural phenomena incidental to our climate. . . ." It was these practical considerations which led our Court to adopt a rule requiring proof of hills and ridges in order to charge a property owner and/or municipality with liability. Since it is virtually impossible for a property owner to keep his sidewalk completely free of ice or snow when general slippery conditions exist, and since under these conditions a pedestrian is better prepared to exercise a greater degree of caution when traversing the ice or snow, courts have been reluctant to permit recovery without a showing of hills and ridges.

However, where a specific, localized, isolated patch of ice exists, it is comparatively easy for a property owner to take the necessary steps to alleviate the condition, while at the same time considerably more difficult for the pedestrian to avoid it even exercising the utmost care. We therefore conclude that under the facts and circumstances of this case, it was error for the court below to require proof of hills and ridges.

Notwithstanding the fact that appellant need not demonstrate hills and ridges, she still must prove actionable negligence on the part of appellees in accordance with the criteria laid down in *Zieg v. Pittsburgh,* supra, including actual or constructive notice of the accumulation of ice or snow. Appellant attempted to prove the required notice in three ways: (1) that one of the appellees walked by the ice one hour before the accident; (2) that it had not snowed or rained for at least five days prior to the accident, and consequently the ice must have covered the pavement for that period of time, and (3) that a depression in the

sidewalk existed for at least one year prior to the accident which appellees knew or should have known existed and which would cause a dangerous icy condition to. remain. This latter offer of proof was rejected by the court below on the basis that it interjected a new cause of action after the statute of limitations had expired. While we are of the opinion that sufficient evidence of constructive notice was established warranting the submission of the case to the jury,[1] we, nevertheless, hasten to indicate our disagreement with the lower court as to the admissibility of the evidence demonstrating the depression in the sidewalk. This evidence was introduced not for the purpose of establishing negligence in permitting the depression to remain, but rather for the sole purpose of establishing notice of its existence and the likelihood that appellees knew or should have known that ice could and would accumulate therein. For these reasons, we conclude that the lower court erroneously granted appellees' motion for a compulsory nonsuit and direct that a new trial be afforded appellant.

The judgment of the court below is reversed and the case remanded for a new trial.

Mr. Justice ROBERTS concurs in the result.

Mr. Chief Justice BELL dissents.

---

[1] Since the record clearly indicates that it had not snowed or rained for a period of at least five days prior to appellant's fall, it is only reasonable to infer from such evidence that appellees had either actual or constructive notice of the existence of the icy condition of the sidewalk.