## Foster v. Longacre Poultry Markets, Inc.

*Robert H. Dickman*, for plaintiff.
*Lawrence W. Richman*, for defendant.

ANDERSON, *J.*, October 1, 1975—The instant action in trespass was brought to recover damages for personal injuries sustained by plaintiff when he allegedly fell on defendant's sidewalk on February 20, 1972.

On June 3, 1975, trial commenced before the undersigned and a jury. At the close of plaintiff's case, defendant moved for the entry of a compulsory nonsuit, which motion was granted. The court thereafter denied plaintiff's motion to take off the compulsory nonsuit.

## DISCUSSION

We will discuss the evidence in a light most favorable to plaintiff, and afford him the benefit of every inference of fact which a jury might reasonably draw from the evidence: De Lio v. Hamilton, 227 Pa. Superior Ct. 581, 308 A. 2d 607 (1973).

The National Oceanic & Atmospheric Administration Record for Philadelphia indicates that there had been rain, occasionally mixed with sleet or

snow, from midnight February 18th until 12:20 p.m., Saturday, February 19, 1972, when the precipitation changed to snow alone. Between 6:30 p.m. and 7 p.m. the snow stopped, but began again a short time later. By midnight February 19th, 3.5 inches of snow had fallen. The snow continued until 2:45 a.m. on Sunday, February 20, 1972, with an additional accumulation of .2 inches. On February 19th, the high temperature was 40 degrees fahrenheit, while the low was 31 degrees. On February 20th, the high was 31 degrees and the low was 14 degrees.

On February 19, 1972, the Longacre Poultry Market, which is located at 4035 Lancaster Avenue, Philadelphia, was open for business. The store closed prior to 6:30 p.m. or 7 p.m. that evening, and was closed all day Sunday, February 20, 1972.

On Sunday morning, between 9:30 and 10:00 a.m., plaintiff, Charles Foster, left his residence at 4045 Lancaster Avenue to walk to a newstand on Fortieth Street. There was soft snow all over the streets and sidewalks. When he was traversing the sidewalk adjacent to Longacre Poultry Market, he stumbled and fell. When he fell, he "felt something like a big bump . . . like a lump of ice." The alleged obstruction was covered by snow and plaintiff neither saw it before nor after the fall. He called to passing policemen, who took him to Philadelphia General Hospital, where X-rays revealed that he had sustained a fracture of the right ankle.

On the issue of liability, it is indisputable that a case based on a claim of hills and ridges of ice had not been made out because plaintiff "failed to sustain the necessary burden of proof as to the size and character of any ridge or elevation of ice and snow.

. . .": Wilson v. Howard Johnson Restaurant, 421 Pa. 455, 558-59, 219 A. 2d 676 (1966).

Plaintiff, however, contends that proof of hills and ridges is only necessary when a generally icy condition exists, and that in the instant case, no such general condition existed because the soft snow was not slippery, but rather that plaintiff's injury was caused by a localized, isolated patch of ice.

In the case of a localized patch of ice, the law imposes liability because it is easier for a property owner to take the necessary steps to alleviate the condition than it is for the pedestrian to avoid it, even exercising the utmost care: Williams v. Shultz, 429 Pa. 429, 433, 240 A. 2d 812 (1968). However, although it may not have been necessary for plaintiff to present evidence of hills and ridges, he was nevertheless required to prove (1) that a dangerous condition existed and that the accumulation of ice was the proximate cause of the injuries sustained; (2) that the accumulation was of a size sufficient to constitute an unreasonable obstruction to travel; (3) and that defendant had actual notice or that the dangerous accumulation existed a sufficient length of time to charge them with constructive notice: Zieg v. Pittsburgh, 348 Pa. 155, 157-58, 34 A. 2d 511 (1943).

The court finds that evidence of the fall alone was sufficient to meet the first criteria. However, plaintiff produced no evidence as to the size of the lump of ice. His testimony that he felt a "big bump" was too imprecise to meet the second requirement. Moreover, plaintiff totally failed to present evidence that defendant had actual or constructive notice of the dangerous condition.

There was no evidence pertaining to when the

alleged lump of ice developed or how long it had been on the sidewalk. Specifically, there was no evidence from which the jury could find that the lump of ice was on the sidewalk in the morning when the store opened for business so that defendant or its employes would have, or should have, seen it on their way into the store. There is no evidence that the temperature was below freezing during the course of the morning, when developing ice would have been visible. After 12:15 p.m., snow began to fall, which would have covered the ice if it had developed during the afternoon. By the time the store closed in the evening, the streets and sidewalk were completely covered by snow.

Just as it would be unreasonable to hold that plaintiff assumed the risk of stumbling on a patch of concealed ice when he undertook to walk through soft snow, which had no appearance of danger, it would be equally unreasonable to hold that defendant was negligent because it did not see or anticipate and discover the dangerous condition that existed beneath the harmless-looking snow: Compare with Williams v. Shultz, 429 Pa. 429 (1968).[1]

Plaintiff maintains, however, that defendant violated section 10-807 of The Philadelphia Code (now section 10-719),[2] and that such violation was evidence of negligence sufficient to take the case to the jury. That section requires, inter alia, that the occupant of property clear a path in the abutting sidewalk, not less than 30 inches wide, not later than six hours after snow has ceased to fall. In the

---

1. The case relating to constructive notice cited by plaintiff in his brief (Schultz v. Pivar, 370 Pa. 271, 88 A. 2d 74 (1952)) is not in point because it involves a defective condition of a sidewalk. In the instant case, no defect was alleged or proved.

2. May 6, 1941, Ordinances, p. 137.

instant case, no such path was cleared within the required time. However, in Sellers v. Cline, 160 Pa. Superior Ct. 85, 49 A. 2d 873 (1946), the Superior Court held that violation of the ordinance was not negligence per se, and that because there was no further evidence of negligence on the part of defendant, the trial judge should have given the jury binding intructions to find for defendant. Similarly, in the instant action, there was no additional evidence of negligence sufficient to submit the case to the jury.

For the above cited reasons, plaintiff's motion to take off the compulsory nonsuit was dismissed.