J. A12036/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

REBECCA BROCK,                               :       IN THE SUPERIOR COURT OF
                                             :              PENNSYLVANIA
                              Appellant      :
                                             :
                    v.                       :
                                             :
TURKEY HILL MINIT MARKETS D/B/A              :
TURKEY HILL, LP AND THE KROGER CO            :       No. 3461 EDA 2017
AND D670 KROGER C STRES/TURKEY               :
HILL/MINIT MR                                :


Appeal from the Order Entered September 8, 2017,
in the Court of Common Pleas of Northampton County
Civil Division at No. C48-CV-2015-9738


BEFORE:  BOWES, J., OTT, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED JANUARY 24, 2019**

Rebecca Brock ("appellant") appeals from the September 8, 2017 order

of the Court of Common Pleas of Northampton County entering summary

judgment in favor of Turkey Hill Minit Markets, the Kroger Co., and D670

Kroger C Stres/Turkey Hill/Minit Mr's (collectively, "appellees") and against

appellant.  After careful review, we affirm.

The trial court provided the following recitation of the relevant facts:

> [Appellant] alleges that she was injured at
> approximately 3:30 p.m. [on January 5, 2014,] after
> she exited her vehicle and was walking towards the
> store entrance.  Christopher Marsh, [appellant's]
> boyfriend and passenger, testified that a "light mist"
> was falling as they arrived at the Turkey Hill.  He
> further testified that he observed ice "pretty much
> everywhere.  There was ice all over the parking lot."

[Appellant] herself testified that the area where she fell was covered in smooth, shiny ice, such that the asphalt appeared wet. She did not notice the condition of the rest of the parking lot. After she fell, Mr. Marsh, the EMTs and the police were sliding on the ice while trying to help [appellant]. Melissa Olsen, the Manager in Training for that Turkey Hill location, arrived at work approximately thirty minutes prior to [appellant's] fall and described the conditions of her commute as "horrible" and the weather at that time as cold, rainy and snowy. Additionally, a meteorological report states that on the date of the incident, sleet/freezing rain fell in the area from approximately 12:22 p.m. to 3:45 p.m. with air temperatures between 23 and 29 degrees.

Trial court order and opinion, 9/8/17 at unnumbered *3 (citations omitted).

On March 25, 2015, appellant filed a complaint sounding in negligence with the Court of Common Pleas of Philadelphia County. The Philadelphia County court granted appellees' petition to transfer venue for forum **non conveniens** on August 28, 2015, transferring the case to the trial court. Following discovery, appellees filed a motion for summary judgment with an accompanying brief in support on January 30, 2017. Oral argument was held before the trial court on July 25, 2017. On September 8, 2017, the trial court granted appellees' motion for summary judgment.

On October 6, 2017, appellant timely filed a notice of appeal to this court. The trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on October 25, 2017, and appellant timely complied on November 14, 2017. The trial court filed a statement on November 17, 2017, pursuant to Pa.R.A.P. 1925(a), in which it

incorporated the content of its September 8, 2017 opinion and order entering summary judgment in favor of appellees.

Appellant raises the following issues for our review:

1. Did the Trial Court err in finding that the "hills and ridges" doctrine applied to the facts of this case when [appellant] presented evidence showing that the icy conditions were not the result of an entirely natural accumulation as a result of [appellees'] employees plowing and salting the parking lot prior to [appellant's] fall?

2. Did the Trial Court err in finding that the "hills and ridges" doctrine applied to the facts of this case in light of testimony contradicting the claim that generally icy conditions were present at the time of [a]ppellant's slip and fall?

3. Did the Trial Court err in granting [appellees'] Motion for Summary Judgment when [appellant] offered evidence of insufficient salting of the parking lot?

Appellant's brief at 4.

In reviewing an appeal from the trial court's grant of a motion for summary judgment, we are governed by the following standard of review:

> [O]ur standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. Our scope of review is plenary. In reviewing a trial court's grant of summary judgment, we apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence

of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue of material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

* * *

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Petrina v. Allied Glove Corp.***, 46 A.3d 795, 797-798 (Pa.Super. 2012) (internal citations omitted).

Rule of Civil Procedure 1035 governs motions for summary judgment and provides, in relevant part, as follows:

After the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law

(1)    Whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or

(2)    If, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce

> evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury.

Pa.R.C.P. 1035.2. This Court has explained the application of this rule as follows:

> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of a cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense.

*Petrina*, 46 A.3d at 798.

*Criswell v. Atlantic Richfield Co.*, 115 A.3d 906, 908-909 (Pa.Super. 2015).

In their motion for summary judgment, appellees relied on the hills and ridges doctrine.

- 5 -

The hills and ridges doctrine, "as defined and applied by the courts of Pennsylvania, is a refinement of clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, *i.e.*, ice and snow." ***Wentz v. Pennswood Apartments***, [] 518 A.2d 314, 316 ([Pa.Super.] 1986). ***See Williams v. Shultz***, [] 240 A.2d 812, 813-[8]14 [(Pa.] 1968) (indicating that the doctrine of hills and ridges applies to preclude liability where "the accident occurred at a time when general slippery conditions prevailed in the community as a result of recent precipitation" (citations omitted)).

In order to recover for a fall on an ice or snow covered surface, a plaintiff must show:

> (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; [and] (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

> This Court has further opined that "the only duty upon the property owner or tenant is to act within a reasonable time after notice to remove [the snow and ice] when it is in a dangerous condition."

***Biernacki*** [***v. Presque Isle Condominiums Unit Owners Ass'n, Inc.***, 828 A.2d 1114,] 1117 [(Pa.Super. 2003)] (quotations omitted).

As this Court has held, "the hills and ridges doctrine may be applied only in cases where the snow and ice

> complained of are the result of an entirely natural accumulation following a recent snowfall[.]" **Harvey v. Rouse Chamberlin, Ltd.**, 901 A.2d 523, 526 (Pa.Super. 2006) (quotation marks, quotation, and emphasis omitted). Further, "the protection afforded by the doctrine is predicated on the assumption that '[t]hese formations are [n]atural phenomena incidental to our climate[.]'" **Id.** (quotation and citation omitted).

**Collins v. Philadelphia Suburban Dev. Corp.**, 179 A.3d 69, 74 (Pa.Super. 2018).

The hills and ridges doctrine is not an absolute defense that can be used by a property owner any time a plaintiff brings a cause of action sounding in negligence as a result of a slip and fall on ice and/or snow. Indeed,

> [t]his general "hills and ridges" rule is subject to a number of [other] significant exceptions. Thus, proof of hills and ridges is not required when the hazard is not the result of a general slippery condition prevailing in the community, but of a localized patch of ice. **Tonik v. Apex Garages, Inc.**, [] 275 A.2d 296 ([Pa.] 1971); **Williams v. Schultz**, [] 240 A.2d 812 ([Pa.] 1968). Nor is proof of hills and ridges required when an icy condition is caused by the defendant's neglect, as where a city maintains a defective hydrant, water pipe, drain, or spigot. **Ward v. Pittsburgh**, [] 44 A.2d 553 ([Pa.] 1945).

**Harmotta v. Bender**, 601 A.2d 837, 842 (Pa.Super. 1992), **appeal denied**, 608 A.2d 30 (Pa. 1992), quoting **Bacsick v. Barnes**, 341 A.2d 157, 160 (Pa.Super. 1975). **See also Beck v. Holly Tree Homeowners Ass'n**, 689 F. Supp.2d 756, 762-763 (E.D.Pa. 2010) (applying Pennsylvania law).

In the case before us, the trial court concluded that appellant "can point to no evidence that would establish that the ice in the area where she fell was

anything other than a natural accumulation and generally slippery as a result of an ongoing weather event." (Trial court order and opinion, 9/8/17 at unnumbered *5.) The trial court further determined that when "viewing the evidence in the light most favorable to [appellant] as the non-moving party, it is clear that genuine issues of material fact do not exist." (*Id.* at unnumbered *4.) We agree.

Appellees produced an expert report from John R. Scala, PhD CCM[1] ("Dr. Scala"). In his report, Dr. Scala noted that a winter storm caused six to eight inches of snow to fall in Northampton County between January 2 and January 3, 2014, with bitterly cold air settling over the area until the morning of January 5, 2014. (Scala Report at *2; R.R. at 52a.)

> The frigid air mass produced record low, sub-zero temperatures at [Lehigh Valley International Airport] from January 3 through January 5, 2014. The prolonged cold resulted in 45 consecutive hours with an air temperature at or below 20°F and 98 consecutive hours of sub-freezing temperatures. These weather conditions froze the asphalt surface present in the parking lot of the Turkey Hill Minit Mart as well as several inches below presenting an ideal design for instantaneous freezing of liquid precipitation falling upon it.

Scala Report at *2; R.R. at 53a. These conditions caused raindrops to "freeze immediately upon contact with the sub-freezing ground leading to a rapid accumulation of ice." (*Id.* at *2; R.R. at 53a.)

---

[1] Dr. Scala is a certified consulting meteorologist.

Dr. Scala also elaborated on the specific weather conditions present on the day and time of the incident.

> Doppler radar from KDIX provided a more accurate assessment of the precipitation coverage, intensity, and start and stop times relative to the automated observations from [Lehigh Valley International Airport]. The data indicated the precipitation began between 12:12 pm and 12:22 pm on January 5, 2014 in the vicinity of the Turkey Hill. Steady light to moderate freezing rain persisted for more than three hours before ending between 3:45 pm and 3:55 pm. The air temperature rose from 23°F to 29°F during this time, based on the observations from [Lehigh Valley International Airport].

*Id.* at *2; R.R. at 53a. Ultimately, Dr. Scala concluded that the weather conditions the day of the incident provided an "ideal design for the instantaneous freezing of liquid precipitation falling upon [the surface of the Turkey Hill parking lot.]" (*Id.* at *2; R.R. at 53a.)

Appellant did not provide any expert testimony or report to rebut Dr. Scala's conclusions. The facts and evidence viewed in the light most favorable to appellant reflect that appellant failed to produce evidence of facts essential to the cause of action which would necessitate the issues being submitted to a jury. *See* Pa.R.Civ.P. 1035.2(2). Accordingly, we find that the trial court did not err when it granted appellees' motion for summary judgment.

Order affirmed.

J. A12036/18

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/24/19