J-A11017-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PATRICK B. ASHMORE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| V&S MEDICAL ASSOCIATES, LLC, | : | |
| PETER VACARRO; KAMRAN SALEH; | : | |
| SEEMA SALEH; AND CHARLES | : | |
| GIORDANO, INDIVIDUALLY AND | : | |
| D/B/A YOUR WAY LANDSCAPING | : | |
| | : | |
| Appellees | : | No. 1125 WDA 2020 |

Appeal from the Judgment Entered September 24, 2020
In the Court of Common Pleas of McKean County
Civil Division at No(s):  No. 938 CD 2018

BEFORE:  McLAUGHLIN, J., KING, J., and McCAFFERY, J.

MEMORANDUM BY KING, J.:                          **FILED: JULY 27, 2021**

Appellant, Patrick B. Ashmore, appeals from the order entered in the McKean County Court of Common Pleas, which granted summary judgment in favor of Appellees, V&S Medical Associates, LLC, Peter Vacarro, Kamran Saleh, Seema Saleh, and Charles Giordano, individually and d/b/a Your Way Landscaping, in this negligence action.  We reverse and remand for further proceedings.

The relevant facts and procedural history of this case are as follows.

> The morning of March 20, 2017, [Appellant] left his home at 6:00 a.m. and made several trips on foot around the city of Bradford.  During these trips no rain or snow fell, and [Appellant] did not see any snow or moisture on the streets, sidewalks, or lawns along his routes.  [Appellant] had a medical appointment at the V&S building.  He left for that

appointment around 9:05 a.m. No rain or snow had fallen since [Appellant] first left his home at 6:00 a.m. As [Appellant] approached the rear entrance of the medical building he slipped and fell in the building's parking lot. [Appellant] did not see what he slipped on but assumed that it was ice. As a result of the fall [Appellant] suffered a fractured hip.

Glen Roeder, a City of Bradford Refuse department employee, happened upon [Appellant] immediately after he fell. Mr. Roeder could not testify to whether there was ice present where [Appellant] fell. Roeder reported the accident to Chelsea Smith, an employee of V&S. Ms. Smith was in the parking lot that morning. She does not recall seeing ice in the parking lot.

Thomas Rimer was also in the parking lot shortly after [Appellant] fell. Mr. Rimer indicated that he did see a patch of ice where [Appellant] fell, which he described as a "frozen puddle." Mr. Rimer did not know if the parking lot had been treated with salt and/or aggregate.

Danielle Grady was the Officer Manager of the medical practice. Ms. Grady is often the first to arrive at the building, and performs an inspection of the interior and exterior of the building to ensure there are no obstacles that would pose a danger to patients. On the morning that [Appellant] fell, Ms. Grady arrived at the office between 7:00 a.m. and 7:15 a.m. She found the parking lot to be free of snow or ice, but observed that the parking lot was wet. Ms. Grady could tell that Mr. Giordano had already plowed the parking lot, and assumed he salted the lot as well. Upon discovering [Appellant] around 9:30 a.m., [Appellant] informed Ms. Grady that he had slipped. After tending to [Appellant], Ms. Grady contacted Mr. Giordano and asked him to come tend to the area [where Appellant] fell.

Charles Giordano performed snow and ice removal service for V&S. Mr. Giordano's contract with V&S expired five days prior [to] the accident, but he continued to perform services for V&S. Around 7:00 a.m. on the morning of March 20, 2017, Mr. Giordano spent ten minutes spreading salt on the V&S parking lot. Mr. Giordano returned to V&S around 9:20

> a.m. at the request of Ms. Grady. He found the lot to be dry with the exception of a wet spot where [Appellant] fell. Mr. Giordano saw no ice, but spread salt on the wet spot at the request of Ms. Grady.

(Trial Court Opinion, filed September 16, 2020, at 2-3) (internal citations omitted).

Appellant filed a negligence complaint against Appellees on October 19, 2018. On April 7, 2020, Appellee Giordano filed a motion for summary judgment arguing that the "hills and ridges" doctrine shielded him from liability. The remaining Appellees subsequently filed a summary judgment motion raising a substantially similar argument. The trial court conducted a hearing on the matter on June 5, 2020. By opinion and order filed September 16, 2020, the court granted Appellees' summary judgment motions. Specifically, the court determined that the hills and ridges doctrine shielded Appellees from liability, and no exceptions to the doctrine applied to Appellant's case. On September 24, 2020, the court entered judgment in favor of Appellees and against Appellant.

Appellant timely filed a notice of appeal on October 15, 2020. The following day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained on appeal. Appellant timely filed his Rule 1925(b) statement on November 4, 2020.

Appellant now raises the following issue for our review:

> Did the trial court improperly grant [Appellees'] motions for summary judgment when [Appellant] established that the hills and ridges doctrine did not apply as generally slippery

conditions did not prevail in the community at the time of the fall and that several exceptions to the hills and ridges doctrine applied rendering the case inappropriate for summary judgment?

(Appellant's Brief at 4).

On appeal, Appellant asserts that the trial court incorrectly applied the hills and ridges doctrine in this case. Among other things, Appellant disputes the court's finding that generally slippery conditions prevailed in the community on the date of his fall. Appellant asserts that he "was able to walk all over the City of Bradford without experiencing any icy conditions" on the day of his fall. (*Id.* at 22). In support of this assertion, Appellant cites the deposition testimony from other witnesses, including Appellee Giordano, who claimed they did not see any ice in the parking lot where Appellant fell. Absent evidence of generally slippery conditions, Appellant maintains he slipped on a localized patch of ice. Appellant relies on testimony from Mr. Rimer, who described a "small frozen puddle" near where Appellant fell. (*Id.* at 23). Under these circumstances, Appellant concludes that the hills and ridges doctrine is inapplicable, and this Court must reverse the order granting summary judgment in favor of Appellees. We agree.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of America*, 908 A.2d 344, 347 (Pa.Super. 2006).

Judicial discretion requires action in conformity with law on

facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations and quotation marks omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are

- 5 -

undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.

Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

***Chenot v. A.P. Green Services, Inc.***, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

In an action for negligence, a complainant must prove the defendant owed a duty or obligation recognized by law, a breach of the duty, causal connection between the defendant's breach of the duty and the resulting injury, and actual loss or damage suffered by the complainant. ***Lux v. Gerald E. Ort Trucking, Inc.***, 887 A.2d 1281, 1286 (Pa.Super. 2005), *appeal denied*, 587 Pa. 731, 901 A.2d 499 (2006) (emphasis omitted).

"The burden of proving the existence of negligence rests upon the party who has asserted it." ***Schmoyer by Schmoyer v. Mexico Forge, Inc.***, 649 A.2d 705, 707 (Pa.Super. 1994). "The mere fact that an accident has occurred does not entitle the injured person to a verdict. A plaintiff must show that the defendant owed a duty of care, and that this duty was breached." ***Rauch v. Mike-Mayer***, 783 A.2d 815, 824 n.8 (Pa.Super. 2001), *appeal denied*, 568 Pa. 634, 793 A.2d 909 (2002) (internal citations omitted).

The nature of the duty which is owed in any given situation hinges primarily upon the relationship between the parties at the time of the plaintiff's injury. The standard of care that a possessor of land owes to one who enters upon the land depends upon whether the entrant is a trespasser, a licensee or an invitee. … A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the

possessor of the land. … Applying section 343 of the Restatement (Second) of Torts, this court has explained that a party is subject to liability for physical harm caused to an invitee only if:

> he knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, he should expect that the invitee will not realize it or will fail to protect themselves against it, and the party fails to exercise reasonable care to protect the invitees against the danger.

An invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition.

**Estate of Swift v. Northeastern Hosp. of Philadelphia**, 690 A.2d 719, 722

(Pa.Super. 1997), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997) (internal

citations omitted).

> The "hills and ridges" doctrine is a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations. The doctrine as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, *i.e.*, ice and snow. The rationale for this doctrine has been explained as follows:
>
> > ... to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere.
>
> The "hills and ridges" doctrine applies with equal force to both public and private spaces. In order to recover for a fall on an ice or snow covered surface, therefore, a plaintiff is required to prove:
>
> > (1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and

character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3) that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087-88 (Pa.Super. 1997), *appeal denied*, 555 Pa. 708, 723 A.2d 1025 (1998) (internal citations and some quotation marks omitted). *See also Bacsick v. Barnes*, 341 A.2d 157, 160 (Pa.Super. 1975) (stating "the 'hills and ridges' doctrine may be applied only in cases where the snow and ice complained of are the result of an entirely natural accumulation, following a recent snowfall").

"[T]he only duty upon the property owner or tenant is to act within a reasonable time after notice to remove [the snow and ice] when it is in a dangerous condition." *Collins v. Philadelphia Suburban Dev. Corp.*, 179 A.3d 69, 74 (Pa.Super. 2018) (quoting *Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.*, 828 A.2d 1114, 1117 (Pa.Super. 2003)). "[P]roof of hills and ridges is necessary only when it appears that the injury occurred at a time when general slippery conditions prevailed in the community as a result of recent precipitation." *Williams v. Shultz*, 429 Pa. 429, 432, 240 A.2d 812, 813 (1968). "Where ... a specific, localized patch of ice exists on a sidewalk otherwise free of ice and snow, the existence of 'hills and ridges' need not be established." *Tonik v. Apex Garages, Inc.*, 442 Pa. 373, 376, 275 A.2d 296, 298 (1971). *See also Harvey v. Rouse Chamberlin, Ltd.*, 901 A.2d 523, 527 (Pa.Super. 2006) (explaining that

resident slipped on black ice in residential development; ice formation, which occurred after snowfall and subsequent plowing of roads, was not result of entirely natural accumulation; therefore, hills and ridges doctrine did not preclude resident's negligence action).

Instantly, the trial court determined that the hills and ridges doctrine applied in this case, reasoning:

> The hills and ridges doctrine does not bar liability when the ice and/or snow in question is not due to a generally slippery condition that prevailed in the community. [Appellant] asserts that, because there was only one patch of ice here, the one he slipped on, it was a "localized" patch and this exception to the hills and ridges doctrine is applicable here. This assertion misses the purpose and basis of this exception. It is not the number of patches of ice that are controlling but whether slippery conditions existed in the general area[.] The snow and rain on March 19, 2017 didn't just fall in this parking lot, it fell in the entire general area; and, the temperature on March 20, 2017 of between 29 degrees and 30 degrees didn't just occur in this parking lot, it was below freezing in the entire local area. Therefore, freezing and the formation of ice was a definite potential in the entire area. Since the conditions for ice and slippery conditions existed throughout the local community, the "localized patch" exception does not apply.

(Trial Court Opinion at 6).

Despite the court's analysis of the prevailing meteorological conditions, questions remain regarding the prevalence of generally slippery conditions in the community. Appellant stated there was no snow on his block when he left his house on the morning of March 20, 2017. (*See* Appellant's Reply to Summary Judgment Motions, filed 5/20/20, at Exhibit J; R.R. at 635a). Appellant did not observe ice on the sidewalks he traversed, and he did not

see moisture on the surface of the V&S parking lot. (*Id.*; R.R. at 636a, 638a). Nevertheless, Appellant unequivocally testified that ice caused his fall in the parking lot: "All I know, I hit an icy spot, and I fell." (*Id.*; R.R. at 639a). Mr. Rimer, who came upon Appellant after the fall, confirmed that there was ice on the ground where Appellant fell. (*See* Appellant's Reply to Summary Judgment Motions at Exhibit O; R.R. at 690a).

Appellee Giordano testified that he salted the parking lot at 7:00 a.m. on March 20, 2017, before Appellant's fall. (*See* Appellant's Reply to Summary Judgment Motions at Exhibit M; R.R. at 665a). Appellee Giordano further testified that he returned to the parking lot after Appellant's fall, and the lot was "completely dry" except for "one little wet spot" where Appellant fell. (*Id.*; R.R. at 669a). Conversely, Ms. Grady indicated that the parking lot was "wet" on the morning of Appellant's fall, but no snow or ice was present. (*See* Appellant's Reply to Summary Judgment Motions at Exhibit K; R.R. at 648a). Based on her observations upon arriving at the lot for work, Ms. Grady also believed that the lot was plowed and salted earlier that morning. (*Id.*; R.R. at 649a).

On this record, a genuine issue of material fact exists regarding the prevalence of generally slippery conditions in the community. *See Mee, supra*; *Miller, supra*. Although the trial court relied upon weather records to infer that conditions were generally slippery, the testimony from witnesses calls this conclusion into question. When viewed in the light most favorable

to the non-moving party, the testimony from Appellant, Mr. Rimer, and Appellee Giordano indicated that surface conditions were mostly dry, except for the patch of ice that caused the fall. **See Chenot, supra**. Based upon the foregoing, we do not agree with the court's conclusion that the hills and ridges doctrine shielded Appellees from liability in this matter. **See Williams, supra**; **Morin, supra**. Consequently, we reverse the order granting summary judgment and remand for further proceedings consistent with this decision.[1]

Order reversed. Case remanded for further proceedings. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/27/2021

---

[1] Due to our disposition, we do not address Appellant's alternative arguments regarding the applicability of other exceptions to the hills and ridges doctrine.