J-A14018-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| EILEEN BEST | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| INVESTORS LTD. D/B/A MAPLE | : | |
| GROVE COMMONS, AND APEX | : | |
| LANDSCAPING | : | |
| | : | |
| Appellees | : | No. 1000 WDA 2020 |

Appeal from the Order Entered September 14, 2020
In the Court of Common Pleas of Mercer County Civil
Division at No(s):  2018-2475

BEFORE:  MURRAY, J., KING, J., and MUSMANNO, J.

MEMORANDUM BY KING, J.:                    **FILED: AUGUST 27, 2021**

Appellant, Eileen Best, appeals from the order entered in the Mercer County Court of Common Pleas, which granted summary judgment in favor of Appellees, Investors Ltd. d/b/a/ Maple Grove Commons ("Maple Grove"), and Apex Landscaping ("Apex"), in this negligence action.  We affirm.

The relevant facts and procedural history of this case are as follows. Maple Grove is a condominium community in which Appellant is a homeowner. Appellant pays an annual fee to the homeowners' association.  The association is responsible for the removal of snow and ice from driveways, which are maintained by the association.  Maple Grove had an agreement with Apex to perform snow and ice removal.

On February 5, 2018, less than an inch of snow fell in the area near

Maple Grove. That same day, Apex plowed the premises, including the driveways. Apex did not spread any salt.

At approximately 1:30 p.m. on February 6, 2018, Appellant left her home and went to retrieve mail for an elderly neighbor. At that time, there was about an inch of fresh snow on the ground from another storm that had ended about one hour earlier. Appellant stopped at her neighbor's property and went to retrieve the mail. Before walking up her neighbor's driveway, Appellant observed that it was covered in snow. Appellant proceeded up the driveway without incident, found the mail, and placed the mail inside a bag hanging from the front doorknob. As Appellant walked down the driveway to exit the property, she slipped and fell. Appellant suffered injuries as a result of her fall.

On August 20, 2018, Appellant filed a complaint alleging negligence against Maple Grove. Following Maple Grove's responsive pleadings, Appellant filed an amended complaint on May 17, 2019, raising negligence claims against both Maple Grove and Apex. On June 26, 2020, Maple Grove filed a summary judgment motion arguing that the "hills and ridges" doctrine barred Appellant's claims. On June 29, 2020, Apex filed a motion for incorporation and joined Maple Gove's summary judgment motion. Appellant filed a response to the summary judgment motion on July 16, 2020. In it, Appellant argued that she slipped on a patch of ice that was created when Apex plowed the driveway on the day before her fall. Appellant concluded that the hills and

ridges doctrine did not apply under these circumstances.

The trial court conducted oral argument on August 31, 2020. By opinion and order filed on September 14, 2020, the court granted summary judgment in favor of Appellees. Specifically, the court determined that the hills and ridges doctrine shielded Appellees from liability.

Appellant timely filed a notice of appeal on September 22, 2020. The following day, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained on appeal. Appellant timely complied on October 13, 2020.

Appellant now raises the following issues for our review:

> Whether the trial court abused its discretion and/or otherwise committed an error of law by granting Appellees' motions for summary judgment when Appellant has adduced and presented sufficient evidence in this case to support her burden of proof and/or give rise to genuine issues of material fact which should have been determined by the trier of fact?
>
> Whether the trial court abused its discretion and/or otherwise committed an error of law by granting summary judgment in favor of Appellee Maple Grove when there are genuine issues of material fact for a jury to consider related to Maple Grove's actual or constructive notice of the dangerous icy conditions, the trial court's application of the Pennsylvania hills and ridges doctrine, the trial court's interpretation of dissimilar facts and application of … **Collins v. Philadelphia Suburban Development Corp.**[, 179 A.3d 69 (Pa.Super. 2018)], and the trial court's interpretation and application of … **Harvey v. Rouse Chamberlain, Ltd.**[, 901 A.2d 523 (Pa.Super. 2006)] where Maple Grove's contractor, Apex, intervened and did a poor job plowing and failed to salt the subject driveway after snowfall the day before?

> Whether the trial court abused its discretion and/or otherwise committed an error of law by granting summary judgment in favor of Appellee Apex when there are genuine issues of material fact for a jury to consider related to the trial court's application or lack thereof of the duty owed to Appellant by Apex pursuant to 324(A) Restatement of Torts, the trial court's application of the Pennsylvania hills and ridges doctrine, and the trial court's application of the law set forth in the **_Harvey_** and **_Collins_** cases?

(Appellant's Brief at 5-6) (some capitalization omitted).

In her three issues, Appellant claims that she was a business invitee when she entered her neighbor's driveway, which was "property owned and maintained by … Maple Grove." (Appellant's Brief at 17). Appellant insists that Maple Grove "either knew or should have known by the exercise of reasonable care … that there was a build-up of ice which was then covered by snow" in the driveway where Appellant fell. (**_Id._** at 19). Appellant maintains that the ice under the fresh snow was not a natural accumulation; rather, the ice resulted from Apex's inadequate plowing and failure to salt on the day before her fall. Under these circumstances, Appellant insists the hills and ridges doctrine does not apply.

Appellant also asserts that the court did not properly evaluate the duty Apex owed to Appellant, pursuant to Section 324(A) of the Restatement (Second) of Torts. Appellant reasons that the hills and ridges doctrine, as explained in cases like **_Harvey_** and **_Collins_**, protects landowners only. Because Apex did not actually own the land at issue, Appellant argues that a genuine issue of fact exists regarding Apex's duty. Based on the foregoing,

- 4 -

Appellant concludes the court erred by granting Appellees' summary judgment motion, and this Court must reverse the order granting summary judgment in favor of Appellees. We disagree.

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of America*, 908 A.2d 344, 347 (Pa.Super. 2006).

> Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations and quotation marks omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct. 2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.

> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006) (internal citations and quotation marks omitted).

"Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "[A]rguments not raised initially before the trial court in opposition to summary judgment cannot be raised for the first time on appeal." *Rohrer v. Pope*, 918 A.2d 122, 128 (Pa.Super. 2007) (quoting *Devine v. Hutt*, 863 A.2d 1160, 1169 (Pa.Super. 2004)).

> [A] non-moving party's failure to raise grounds for relief in the trial court as a basis upon which to deny summary judgment waives those grounds on appeal…. A decision to pursue one argument over another carries the certain consequence of waiver for those arguments that could have been raised but were not. This proposition is consistent with our Supreme Court's efforts to promote finality, and effectuates the clear mandate of our appellate rules requiring presentation of all grounds for relief to the trial

court as a predicate for appellate review.

*Id.* (quoting ***Walsh v. Borczon***, 881 A.2d 1, 5 (Pa.Super. 2005) (emphasis omitted)).

In an action for negligence, a complainant must prove the defendant owed a duty or obligation recognized by law, a breach of the duty, causal connection between the defendant's breach of the duty and the resulting injury, and actual loss or damage suffered by the complainant. ***Lux v. Gerald E. Ort Trucking, Inc.***, 887 A.2d 1281, 1286 (Pa.Super. 2005), *appeal denied*, 587 Pa. 731, 901 A.2d 499 (2006) (emphasis omitted).

"The burden of proving the existence of negligence rests upon the party who has asserted it." ***Schmoyer by Schmoyer v. Mexico Forge, Inc.***, 649 A.2d 705, 707 (Pa.Super. 1994). "The mere fact that an accident has occurred does not entitle the injured person to a verdict. A plaintiff must show that the defendant owed a duty of care, and that this duty was breached." ***Rauch v. Mike-Mayer***, 783 A.2d 815, 824 n.8 (Pa.Super. 2001), *appeal denied*, 568 Pa. 634, 793 A.2d 909 (2002) (internal citations omitted).

> The nature of the duty which is owed in any given situation hinges primarily upon the relationship between the parties at the time of the plaintiff's injury. The standard of care that a possessor of land owes to one who enters upon the land depends upon whether the entrant is a trespasser, a licensee or an invitee. … A business visitor is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land. … Applying section 343 of the Restatement (Second) of Torts, this court has explained that a party is subject to liability for physical harm caused to an invitee only if:

- 7 -

he knows of or reasonably should have known of the condition and the condition involves an unreasonable risk of harm, he should expect that the invitee will not realize it or will fail to protect themselves against it, and the party fails to exercise reasonable care to protect the invitees against the danger.

An invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition.

*Estate of Swift v. Northeastern Hosp. of Philadelphia*, 690 A.2d 719, 722

(Pa.Super. 1997), *appeal denied*, 549 Pa. 716, 701 A.2d 577 (1997) (internal

citations omitted).

The "hills and ridges" doctrine is a long standing and well entrenched legal principle that protects an owner or occupier of land from liability for generally slippery conditions resulting from ice and snow where the owner has not permitted the ice and snow to unreasonably accumulate in ridges or elevations. The doctrine as defined and applied by the courts of Pennsylvania, is a refinement or clarification of the duty owed by a possessor of land and is applicable to a single type of dangerous condition, *i.e.*, ice and snow. The rationale for this doctrine has been explained as follows:

... to require that one's walks be always free of ice and snow would be to impose an impossible burden in view of the climatic conditions in this hemisphere.

The "hills and ridges" doctrine applies with equal force to both public and private spaces. In order to recover for a fall on an ice or snow covered surface, therefore, a plaintiff is required to prove:

(1) that snow and ice had accumulated on the sidewalk in ridges or elevations of such size and character as to unreasonably obstruct travel and constitute a danger to pedestrians travelling thereon; (2) that the property owner had notice, either actual or constructive, of the existence of such condition; (3)

- 8 -

> that it was the dangerous accumulation of snow and ice which caused the plaintiff to fall.

*Morin v. Traveler's Rest Motel, Inc.*, 704 A.2d 1085, 1087-88 (Pa.Super. 1997), *appeal denied*, 555 Pa. 708, 723 A.2d 1025 (1998) (internal citations and some quotation marks omitted). *See also Bacsick v. Barnes*, 341 A.2d 157, 160 (Pa.Super. 1975) (stating "the 'hills and ridges' doctrine may be applied only in cases where the snow and ice complained of are the result of an entirely natural accumulation, following a recent snowfall").

"[T]he only duty upon the property owner or tenant is to act within a reasonable time after notice to remove [the snow and ice] when it is in a dangerous condition." *Collins v. Philadelphia Suburban Dev. Corp.*, 179 A.3d 69, 74 (Pa.Super. 2018) (quoting *Biernacki v. Presque Isle Condominiums Unit Owners Ass'n, Inc.*, 828 A.2d 1114, 1117 (Pa.Super. 2003)). "[P]roof of hills and ridges is necessary only when it appears that the injury occurred at a time when general slippery conditions prevailed in the community as a result of recent precipitation." *Williams v. Shultz*, 429 Pa. 429, 432, 240 A.2d 812, 813 (1968).

Instantly, Appellees' summary judgment motion argued that the hills and ridges doctrine barred Appellant's claims. In response, Appellant contended that the hills and ridges doctrine did not apply because she slipped on an ice formation that was not an entirely natural accumulation. Appellant's response did not include any argument regarding Apex's duty arising under Section 324(A) of the Restatement (Second) of Torts. This argument is made

for the first time on appeal. Consequently, we limit our review to the argument Appellant included in her response to the summary judgment motion. *See Rohrer, supra*.

Regarding the application of the hills and ridges doctrine, Appellant testified about the snow-covered driveway where she fell, claiming that "under [the] snow it was hard, ice…." (N.T. Deposition, 12/6/19, at 49; R.R. at 267).[1] Appellant further stated, "The snow wasn't that deep. … But like I said, it was 14 degrees so it wouldn't take long for something to turn to ice." (*Id.* at 50; R.R. at 267). Although Appellant now blames the presence of ice on Apex's plowing of the driveway the day before her fall, the record also includes deposition testimony from Jason Hogg, owner and president of Apex. Mr. Hogg confirmed that he plowed Maple Grove's "roads, the driveways, and the sidewalks" on the day before Appellant's fall. (N.T. Deposition, 12/6/19, at 15; R.R. at 314). Although Mr. Hogg conceded that plowing may leave a thin layer of snow or ice on a driveway's surface, he unequivocally testified that there was no accumulation of snow or ice on the driveways after he plowed on February 5, 2018. (*See id.* at 37, 43-44; R.R. at 320, 321).

In light of this testimony, the court determined that the record did not support Appellant's allegation that the ice in the driveway was an artificial condition resulting from Apex's plowing. To the extent Appellant also relied

_____

[1] Appellant attached the relevant deposition transcripts to the brief in support of her response in opposition to Appellees' summary judgment motion.

on *Harvey*, the court found this case distinguishable:

> There is a clear distinction between the timelines of the *Harvey* case and the instant case. In *Harvey*, on the same day, there was a snowfall, then the contractor plowed but did not salt, and then the plaintiff slipped and fell. In the instant case, there was some snowfall, then Apex plowed but did not salt the driveway on February 5th, and then there was fresh snow on February 6th after which no plowing or salting was done and [Appellant] subsequently slipped and fell. On the 6th, the snow stopped falling just after noon, and [Appellant] fell between 1:30 and 2:00 p.m., so less than two hours passed between when the snow stopped falling and when [Appellant] fell. Rather than attribute [Appellant's] accident to the fresh snowfall…, [Appellant] attributes her slip and fall to the prior snowfall(s). This explanation for [Appellant's] fall supports the contention that Apex contributed to an artificially dangerous condition, and this in turn supports finding an exception to the hills and ridges doctrine. However, this explanation is unsupported by affirmative evidence in the record.

(*Id.* at 9).

Our review of the record confirms the court's findings. As the court noted, the differences between *Harvey* and the current case are significant. The record in *Harvey* demonstrated that the plaintiff slipped on snow that was not an entirely natural accumulation. *See Harvey, supra* at 525 (stating plaintiff "observed that some portions of the road were covered with packed down snow from being plowed and that there were patches of cleared asphalt"). Here, however, Appellant merely hypothesized that Apex left unnatural accumulations of ice on the driveway after it plowed the area on February 5, 2018. (*See* Appellant's Response in Opposition to Appellees' Summary Judgment Motion, filed 6/16/20, at ¶3-6) (arguing "Mr. Hogg admits

that plowing the driveways can leave a thin layer of ice behind. That is apparently what happened in this case").

We reiterate Appellant's admission that, due to the freezing temperatures on February 6, 2018, "it wouldn't take long for something to turn to ice." (N.T. Deposition, 12/6/19, at 50; R.R. at 267). When asked about the condition of the driveway before her fall, Appellant testified, "There was snow. There were no marks on it at all. Nobody had walked up it. The car hadn't been driven." (*Id.* at 103; R.R. at 280). Further, Appellant conceded that the snow and ice in the driveway appeared to be a natural accumulation. (*See id.* at 105; R.R. at 281). On this record, the court did not commit an abuse of discretion or error of law in applying the hills and ridges doctrine. *See Mee, supra*; *Miller, supra*. Consequently, we affirm the order granting summary judgment.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date:  8/27/2021

- 12 -